**STATE of Tennessee, Appellant,**

v.

**Leonard HODGE, Appellee.**

Court of Criminal Appeals of Tennessee, Knoxville.

May 9, 1985.

Permission to Appeal Denied by Supreme Court July 15, 1985.

W.J. Michael Cody, State Atty. Gen. & Reporter, Gordon W. Smith, Asst. State Atty. Gen., Nashville, David G. Ballard, Dist. Atty. Gen., Steven R. Hawkins, Asst. Dist. Atty. Gen., Maryville, for appellant.

Martha J. Meares, W. Brownlow Marsh, Meares & Associates, Maryville, for appellee.

## OPINION

BYERS, Judge.

The trial court sua sponte dismissed an indictment because of the conduct of the state's attorneys and the defense attorneys in the case involving the grand jury. The state appeals from this order.

The judgment is reversed, and the case is remanded for further proceedings.

On October 1, 1984, the grand jury returned an indictment charging the defendant with second degree murder. On October 4, 1984, the state filed a motion to amend the indictment to change the name of the witness who had been shown on the indictment as having given sworn testimony. In support of the motion, the state attached an affidavit from the grand jury forewoman, who swore that she had inadvertently endorsed the indictment which listed a witness who had not testified before the grand jury. She further averred that the person whose name the state sought to add to the list of witnesses was sworn and did in fact testify.

On October 23, 1984, the defendant filed a motion to dismiss the indictment in which he alleged the grand jury considered and based their indictment upon unsworn testimony of an assistant district attorney general. In support of this motion, the defendant filed affidavits from two members of the grand jury which asserted this fact and further divulged the decisional process they used in voting on the matters before them. As found by the trial judge, these grand jurors were attempting to impeach the return of the indictment.

After hearing statements of counsel and being presented the affidavits, the trial court found that the state attorneys and the defense attorneys had aided and abetted the members of the grand jury in violating their oath of secrecy imposed under Rule 6(k)(1) of the Tennessee Rules of Criminal Procedure, but that their actions were not willful.

One of the grand jurors whose affidavit was filed with the defendant's motion to dismiss the indictment testified in the hearing that he went to the brother of the defendant after the return of the indictment, and after talking with the brother, subsequently went to the office of the defendant's attorneys and made the affidavit. The other grand juror whose affidavit was filed with the defendant's motion did not appear at the hearing; neither did the forewoman, whose affidavit was filed with the state's motion.

The trial judge further found that the witness whose name the state wished to add to the indictment had appeared and given testimony under oath before the grand jury. The trial judge made no finding as to whether an assistant district at-

**546**

torney general gave unsworn testimony to the grand jury.

After making these findings, the trial judge denied the motion of the state to add the name of the witness, and denied the motion of the defendant to dismiss the indictment, presumably because the reasons asserted by the defendant were not sufficient. The trial judge then sua sponte dismissed the indictment and ordered that the matter not be presented to the same grand jury but that it wait for the convening of a subsequent grand jury.

■ We think the action of the trial judge was inappropriate in this case. Under Rule 7(b) of the Tennessee Rules of Criminal Procedure an indictment may be amended if no additional offense is thereby charged and no substantial rights of the defendant are prejudiced. The adding of the correct name of the witness should have been allowed.

■ We express no opinion on the correctness or incorrectness of the trial judge's finding that attorneys for both sides had breached the secrecy of grand jury proceedings because neither party raises this as an issue. However, insofar as this ruling was the basis for dismissing the indictment, we find it to be erroneous. There are other, more appropriate means of dealing with the conduct of attorneys, short of nullifying the action of a grand jury, which is an independent body.

■ The trial judge did not find that any of the alleged actions by the state attorneys before the grand jury occurred, nor that this prejudiced the defendant in this case. In the absence of such finding, the indictment should not have been dismissed. *Tiller v. State*, 600 S.W.2d 709 (Tenn.1980). We, therefore, reverse the judgment of the trial court, reinstate the indictment, and remand this case to the trial court for further proceedings.

WALKER, P.J., and JOHN D. TEMPLETON, Special Judge, concur.