**STATE of Tennessee**

v.

**Billy Joe STOKES.**

Supreme Court of Tennessee, at Nashville.

July 5, 2000.

Jim Sowell, Dickson, TN, for appellant, Billy Joe Stokes.

Michael E. Moore, Solicitor General; and Elizabeth T. Ryan, Assistant Attorney General; Nashville, TN, for appellee, State of Tennessee.

## OPINION

BARKER, J., delivered the opinion of the court, in which ANDERSON, C.J., and DROWOTA, BIRCH, and HOLDER, JJ., joined.

This is an appeal from the Circuit Court for Humphreys County, which convicted the defendant, Billy Joe Stokes, of two counts of statutory rape as lesser included offenses of rape. The indictment alleged only rape, but the Court of Criminal Appeals affirmed the convictions on the ground that by agreeing to a jury instruction characterizing statutory rape as a lesser included offense of rape, the defendant consented to an amendment of the indictment. The defendant then sought, and this Court granted, permission to appeal on the following issues: (1) whether statutory rape is a lesser included offense of rape; and (2) whether the defendant consented to an amendment of the indictment. We hold that statutory rape is not a lesser included offense of rape under *State v. Burns,* 6 S.W.3d 453 (Tenn.1999). We further hold that for an indictment to be amended pursuant to Tennessee Rule of Criminal Procedure 7(b), an oral or written motion to amend the indictment should be made, and the defendant's oral or written consent to the motion must be clear from the record. Because no motion was made to amend the indictment in this case, the jury should not have been instructed on statutory rape. Consequently, the defendant's convictions for statutory rape are reversed, and the case is dismissed.

P.R.[1] worked at a Humphreys County fruit store operated by Billy Joe Stokes, the defendant. On October 18, 1996, P.R. and two other girls, C.M. and A.H., accompanied Stokes on a trip to Nashville to purchase produce at wholesale markets. Before reaching Nashville, Stokes pur-

chased a case of beer, which the girls consumed. After completing his business in Nashville, Stokes returned to Humphreys County, but stopped and again purchased alcoholic beverages, which the girls likewise consumed.

Upon reaching Humphreys County, Stokes stopped at P.R.'s house so that she could change clothes in her sister's bedroom. Stokes became impatient waiting for P.R. to change, so he ordered C.M. to tell P.R. to hurry. While A.H. remained in the living room listening to music, Stokes went to the bedroom where C.M. was waiting while P.R. finished changing clothes.

P.R. first testified that Stokes did not remove his clothes in the bedroom. When she was questioned further about how Stokes could have raped her without removing his clothes, she recalled a vague memory of him partly removing his pants, though she could not recall how her clothes were removed. By contrast, C.M. testified that Stokes completely removed his pants prior to penetrating the girls. P.R. also testified that C.M. was laying beside her on the bed, but she did not recall if C.M. was clothed. P.R. later testified, however, that C.M., who was thirteen, was naked and that she saw Stokes penetrate her with his penis. P.R., who was fifteen at the time, also testified that Stokes raped her without her consent and gave her and C.M. one hundred dollars to remain quiet. Finally, P.R. testified that she gave Stokes a short note saying "Billy Joe—he did not rape me. He did not force me to take off my clothes."

Stokes was subsequently tried after a Humphreys County Grand Jury indicted Stokes on two counts of rape. At the close of proof, the court presented counsel for the State and Stokes with proposed jury instructions that included statutory rape as a lesser included offense of each rape. After reviewing the proposed instructions, counsel for Stokes told the court that the instructions were satisfactory. The jury

---

1. It is this Court's policy not to identify by name minor children involved in rape cases.

Instead, we will identify the victims by their initials.

found Stokes not guilty of rape. Thus, the jury did not believe the testimony of P.R. and C.M. that Stokes used force in sexually penetrating the girls. However, the jury did convict Stokes of two counts of statutory rape, and the court imposed concurrent sentences of one year for each conviction. The Court of Criminal Appeals affirmed Stokes's convictions, concluding that the oral approval of the proposed jury instructions by Stokes's counsel effectively amended the indictment to include charges of statutory rape. Stokes then sought, and this Court granted, permission to appeal on the following issues: (1) whether statutory rape is a lesser included offense of rape; and (2) whether Stokes's consent to the charge on statutory rape effectively amounted to an amendment to the indictment.

## DISCUSSION

### A. Statutory Rape as a Lesser Included Offense of Rape

In *State v. Burns*, 6 S.W.3d 453, 466–67 (Tenn.1999), we adopted the following test for lesser-included offenses:

An offense is a lesser-included offense if:

(a) all of its statutory elements are included within the statutory elements of the offense charged; or

(b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing

(1) a different mental state indicating a lesser kind of culpability; and/or

(2) a less serious harm or risk of harm to the same person, property or public interest; or

(c) it consists of

(1) facilitation of the offense charged or of an offense that otherwise meets the definition of lesser-included offenses in part (a) or (b); or

(2) an attempt to commit the offense charged or of an offense that other-

wise meets the definition of lesser-included offenses in part (a) or (b); or

(3) solicitation to commit the offense charged or of an offense that otherwise meets the definition of lesser-included offenses in part (a) or (b).

Rape, the offense for which Stokes was indicted, is codified at Tennessee Code Annotated section 39–13–503(a):

(a) Rape is unlawful sexual penetration of a victim by the defendant or of the defendant by a victim accompanied by any of the following circumstances:

(1) Force or coercion is used to accomplish the act;

(2) The sexual penetration is accomplished without the consent of the victim and the defendant knows or has reason to know at the time of the penetration that the victim did not consent;

(3) The defendant knows or has reason to know that the victim is mentally defective, mentally incapacitated or physically helpless; or

(4) The sexual penetration is accomplished by fraud.

By contrast, statutory rape, the offense for which Stokes was convicted, requires "sexual penetration of a victim by the defendant or of the defendant by the victim when the victim is at least thirteen (13) but less than eighteen (18) years of age and the defendant is at least four (4) years older than the victim." Tenn.Code Ann. § 39–13–506(a) (1997).

■ Under part (a) of the *Burns* test, statutory rape is a lesser included offense of rape if all of the statutory elements of statutory rape are included within the statutory elements of rape. Statutory rape, however, contains an age element that is not included within the statutory elements of rape. Thus, statutory rape is not a lesser included offense of rape under part (a) of the *Burns* test.[2]

2. This same result would be reached under

*Howard v. State*, 578 S.W.2d 83 (Tenn.1979),

We next examine whether statutory rape is a lesser included offense of rape under part (b) of *Burns*. Part (b) modifies part (a) by creating two exceptions to the requirement that all statutory elements of a lesser included offense must be included within the statutory elements of the offense charged. Under part (b), a lesser included offense may contain statutory elements establishing either a different mental state indicating a lesser kind of culpability or a less serious harm or risk of harm to the same person, property, or public interest. The age element of statutory rape does not establish either a different mental state indicating a lesser degree of culpability or a less serious harm or risk of harm to the same person. Consequently, statutory rape is not a lesser included offense of rape under part (b) of the *Burns* test.[3]

Finally, it is patently obvious that part (c) of *Burns* does not apply as this case does not involve any of the inchoate offenses of attempt, facilitation or solicitation.

### B. Amendment of Indictment

■ While the State concedes that statutory rape is not a lesser included offense of rape, it contends that the jury instruction was still warranted. According to the State, by agreeing that the jury instruc-

tions were sufficient, counsel for Stokes effectively consented to an amendment of the indictment in satisfaction of Tennessee Rule of Criminal Procedure 7(b). We disagree.

■ The jury was instructed on statutory rape pursuant to the court's incorrect understanding that statutory rape was a lesser included offense of rape. The State, however, made no motion to amend the indictment as it has done repeatedly in previous cases.[4] Moreover, the court did not enter an amendment to the indictment. It is clear from the record that the instruction on statutory rape was suggested by the trial court as a lesser included offense and that the State and Stokes passively agreed in the court's proposed instruction. However, a defendant's acquiescence to a jury instruction based on an incorrect belief that an offense is a lesser included offense is simply insufficient to transform an erroneous jury instruction into a valid amendment of an indictment by that defendant's consent.

■ While Rule 7(b) provides that "[a]n indictment ... may be amended in all cases with the consent of the defendant," the rule does not specify the procedure by which the amendment should be made. To clarify this matter, we conclude that an

which set forth the statutory elements test incorporated into part (a) of the *Burns* test.

**3.** We note, in passing, that an instruction on statutory rape would have also been improper under the "lesser grade or class" analysis set forth in our decision in *State v. Trusty*, 919 S.W.2d 305 (Tenn.1996), *overruled by State v. Dominy*, 6 S.W.3d 472 (Tenn.1999). As we recognized in *Burns*, "*Trusty* analysis simply did not apply in many cases." 6 S.W.3d at 465. For this proposition, we cited *State v. Ealey*, 959 S.W.2d 605, 611 (Tenn.Crim.App. 1997), which held that *Trusty* analysis did not apply to sexual offenses. According to the Court of Criminal Appeals, crimes of a sexual nature did not invite a neat and obvious division into grades or classes as did crimes of homicide, kidnapping, or assault. *See id.* Instead, the portion of the criminal code containing sexual offenses varied widely from

rape and aggravated rape to statutory rape, prostitution, and public indecency. *See* Tenn. Code Ann. §§ 39–13–501 to –527. The Court of Criminal Appeals correctly observed the absurdity of applying *Trusty* in the context of sexual offenses: "Certainly, prostitution is not a lesser grade or class of rape, in spite of its inclusion in the same Part." *Id.* at 611. We agree that *Trusty*'s analysis of lesser grade offenses did not apply to sexual offenses, so that an instruction on statutory rape as a lesser grade offense of rape would not have been appropriate.

**4.** *See, e.g., Rounsaville v. Evatt*, 733 S.W.2d 506 (Tenn.1987); *State v. Kirkland*, 696 S.W.2d 544 (Tenn.Crim.App.1985); *State v. Hodge*, 695 S.W.2d 544 (Tenn.Crim.App. 1985); *State v. McClennon*, 669 S.W.2d 705 (Tenn.Crim.App.1984); *State v. Taylor*, 661 S.W.2d 695 (Tenn.Crim.App.1983).

indictment may be amended pursuant to Rule 7(b) where an oral or written motion to amend the indictment is made and where the defendant's oral or written consent to the motion is clear from the record. Because no motion to amend the indictment was made in the present case, and consent by Stokes to such an amendment does not appear in the record, we hold that the indictment was not amended. Accordingly, Stokes was convicted of a crime for which he was not charged.

### CONCLUSION

In summary, we hold that statutory rape is not a lesser included offense of rape under *State v. Burns,* 6 S.W.3d 453 (Tenn. 1999). We further hold that to amend an indictment pursuant to Tennessee Rule of Criminal Procedure 7(b), an oral or written motion to amend should be made, and the defendant's oral or written consent to the motion must be clear from the record. Because no motion was made to amend the indictment, the jury should not have been instructed on statutory rape. Consequently, the defendant's convictions for statutory rape are reversed, and the case is dismissed.

Costs of this appeal are taxed to the appellee, the State of Tennessee.