IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
June 17, 2003 Session

## STATE OF TENNESSEE v. ALONZO MAURICE ROGAN

**Appeal from the Criminal Court for Sumner County**
**No. CR230-1999     Jane Wheatcraft, Judge**

———————————————

**No. M2002-01603-CCA-R3-CD - Filed January 22, 2004**

———————————————

THOMAS T. WOODALL, J., concurring in results only.

I write separately to explain why I am concurring in results only in this case. The record reflects that Defendant's counsel adamantly asserted that aggravated assault was a lesser-included offense of attempted first degree murder. Just as adamantly, the State argued that aggravated assault was not a lesser-included offense of attempted first degree murder under our supreme court's decision in *State v. Burns*, 6 S.W.3d 453 (Tenn. 1999). The record also reflects that while the trial court had reservations about the appropriateness of charging aggravated assault as a lesser-included offense, it was ultimately persuaded to do so by arguments of Defendant's counsel. Counsel's conduct may or may not be grounds for relief to Defendant in a post-conviction proceeding, but that must be decided at a later hearing on a later date.

The trial in this case was concluded on February 24, 2000. Less than two weeks later, this court filed its opinion in *State v. Christopher Todd Brown*, No. M1999-00691-CCA-R3-CD, 2000 Tenn. Crim. App. Lexis 214 (Tenn. Crim. App. at Nashville, March 9, 2000) *perm. to app. denied* (Tenn. 2001). In *Brown*, this Court clearly held that aggravated assault is not a lesser-included offense of attempted first degree murder.

Had the State asserted and argued to the trial court that aggravated assault should be charged as a lesser-included offense, or even if the State had quietly acquiesced in the charge of aggravated assault, I would feel compelled to reverse and dismiss the conviction for aggravated assault, because Defendant was clearly convicted of an offense for which he had not been originally charged. However, relying upon *State v. Ealey*, 959 S.W.2d 605 (Tenn. Crim. App. 1997), I feel that, at least in the direct appeal from his conviction, Defendant should not benefit from his counsel's assertion that aggravated assault is a lesser-included offense of attempted first degree murder. In *Ealey*, the trial court erroneously charged statutory rape as a lesser-included offense of rape of a child. The defendant in *Ealey* was convicted of statutory rape. This Court held that because the defendant requested a jury charge on the offense of statutory rape, that this action "amounted to a consensual amendment to his presentment such that he was properly charged with statutory rape in addition to rape of a child." *Id*. at 612. I am cognizant of our supreme court's holding in *State v. Stokes*, 24

S.W.3d 303 (Tenn. 2000). I distinguish *Stokes* from the case *sub judice* on the basis that in *Stokes*, the defendant and the State "passively agreed" to the erroneous instruction. *Id*. at 306. Also, *Stokes* did not expressly overrule *Ealey*, and I am unable to conclude that it implicitly overruled *Ealey*.

For these reasons, I concur in results only with the majority's opinion addressing the issue of an erroneous lesser-included offense instruction. I fully concur with the remaining portion of the majority opinion.

_____
THOMAS T. WOODALL, JUDGE