IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
June 17, 2003 Session

## STATE OF TENNESSEE v. ALONZO MAURICE ROGAN

**Direct Appeal from the Criminal Court for Sumner County**
**No. CR230-1999     Jane Wheatcraft, Judge**

---

**No. M2002-01603-CCA-R3-CD - Filed January 22, 2004**

---

The defendant filed a delayed appeal, alleging error: (1) in denying the defendant the opportunity to file an amended motion for new trial; (2) in the failure to amend the indictment for attempted first degree murder to aggravated assault; (3) in the failure of the indictment for evading arrest to contain statutory language; and, (4) in admitting the defendant's confession in violation of an in limine order during the second phase of a bifurcated trial. We conclude that no reversible errors were attendant and affirm the convictions.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J., joined. THOMAS T. WOODALL. J., filed a separate concurring opinion.

Daniel McMurtry, Nashville, Tennessee (at trial), and David A. Doyle, District Public Defender (on appeal), for the appellant, Alonzo Maurice Rogan.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Lawrence R. Whitley, District Attorney General; and Sallie W. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Alonzo Maurice Rogan, was indicted in count one for attempted first degree murder, in count two for evading arrest, and in count three for unlawful carrying or possession of a weapon. A bifurcated trial was conducted; the first phase covering counts one and two. The second phase involved count three, possession of a weapon after being convicted of a felony drug offense.

A jury convicted the defendant on count one of aggravated assault as a lesser offense of attempted first degree murder, on count two of evading arrest, and in the second phase, on count three of unlawful possession of a weapon. The trial judge imposed a sentence of ten years for

aggravated assault, a Class C felony; eleven months and twenty-nine days for evading arrest, a misdemeanor; and four years for unlawful possession of a weapon, a Class E felony. Both felony sentences were as a Range II, multiple offender. All sentences were ordered to be served consecutively, for an effective sentence of fourteen years, eleven months, and twenty-nine days.

A timely motion for new trial was denied on July 11, 2000. The defendant filed a *pro se* petition for post-conviction relief on March 22, 2001, and an amended petition filed by counsel followed on October 22, 2001. The trial court dismissed the post-conviction petition without prejudice and allowed the defendant to file a delayed direct appeal.

In his direct appeal now before us, the defendant alleges error in four issues:
(1) error in denying the defendant opportunity to file an amended motion for new trial;
(2) error in failing to amend the indictment charging the defendant with attempted first degree murder to aggravated assault;
(3) failure of the indictment for evading arrest to contain required language; and
(4) error in admitting the defendant's confession in violation of an order granting the State's motion in limine in phase two of the bifurcated trial.

## Factual Background

On January 31, 1999, at approximately 2:30 a.m., Sergeant Bunch, of the Gallatin Police Department, was on a walking patrol when he heard a gun shot. Sergeant Bunch reported this by radio and issued a be-on-the-lookout alert to other officers on duty. Officer Kieper drove to the scene and met Bunch in the parking area of Old Union High School. A vehicle drove by while the officers were conversing, and Kieper and Bunch followed it in Kieper's patrol vehicle. A traffic stop was initiated. Kieper addressed the driver in conversation while Bunch went to the passenger side of the vehicle where the defendant was seated. The defendant refused to comply with Bunch's commands to keep his hands visible, and a bottle of whiskey was eventually confiscated from the defendant by Bunch. The defendant was ordered to step out of the vehicle, and Bunch began a pat-down search. Almost immediately, Bunch felt a weapon in the defendant's waistband area and yelled, "gun".

By this time, Lieutenant Helson, of the Gallatin Police Department, was also on the scene. He witnessed Bunch and the defendant struggle briefly over the weapon until Bunch wrested it from the defendant. The defendant ran. Bunch left the seized gun at the scene, and he and Kieper followed in pursuit of the defendant, while Helson occupied the driver.

During the foot pursuit, Kieper witnessed the defendant looking behind him and reaching back. At that time, Kieper saw a muzzle blast and heard a shot. Bunch had lost the defendant in the shadows and did not see him reaching back, but did hear the shot. Bunch went to the ground and instructed Kieper to set up a perimeter to cut off the defendant's escape. The chase was fruitless; however, the defendant reported to the police station some eleven hours later.

In his first issue, the defendant contends that the trial court erred in refusing to allow an amended motion for new trial after granting a delayed appeal. As summarized previously in this opinion, the defendant had filed a motion for new trial, and it was denied after a hearing. No notice of appeal was filed, and the defendant filed a *pro se* post-conviction proceeding claiming *inter alia* that counsel's failure to appeal his convictions was ineffective.

The trial court dismissed the post-conviction petition without prejudice and allowed a delayed direct appeal, pursuant to Tennessee Code Annotated section 40-30-213(a)(2) (1995).[1] The pertinent provisions of the statute are:

(a) When the trial judge conducting a hearing pursuant to this part finds that the petitioner was denied the right to an appeal from the original conviction in violation of the Constitution of the United States or the Constitution of Tennessee and that there is an adequate record of the original trial proceeding available for such review, the judge can:

(1) If a transcript was filed, grant a delayed appeal;

(2) If, in the original proceedings, a motion for a new trial was filed and overruled but no transcript was filed, authorize the filing of the transcript in the convicting court; or

(3) If no motion for a new trial was filed in the original proceeding, authorize such motion to be made before the original trial court within thirty (30) days. Such motion shall be disposed of by the original trial court as if the motion had been filed under authority of Rule 59 of the Rules of Civil Procedure.

Under the facts of this case and the chronology of the filing and hearing on the defendant's motion for a new trial, we conclude that the trial court acted in conformance to the dictates of Tennessee Code Annotated section 40-13-213(a)(2). The denial of the defendant's motion to supplement the motion for new trial was proper, due to the trial court's lack of jurisdiction. State v. Weeden, 733 S.W.2d 124, 126 (Tenn. Crim. App. 1987), addressed the same issue and ruled as follows:

Pursuant to Rule 33(b) of the Tennessee Rules of Criminal Procedure the court shall upon motion allow amendments liberally until the day of the hearing of the motion for new trial. The fact that the amendment was sought after a delayed appeal was granted does not make the general time limitation of amendments to motions for new trial inapplicable.

This issue, therefore, is without merit.

In his next issue, the defendant contends the trial court committed plain error in its inclusion in jury instructions of aggravated assault as a lesser offense of attempted first degree murder.

The record reveals that the trial court met with counsel for the State and the defendant and discussed the lesser included offenses to be included in the jury instructions. It is equally clear that

---

[1] Currently Tennessee Code Annotated section 40-30-113.

the defendant urged the inclusion of the aggravated assault charge and that the trial court recognized a lack of notice problem, but no action was taken to amend the indictment.

The question whether a given offense should be submitted to the jury as a lesser included offense is a mixed question of law and fact. State v. Smiley, 38 S.W.3d 521 (Tenn. 2001). The standard of review for mixed questions of law and fact is *de novo* with no presumption of correctness. Id.; see also Aaron v. Aaron, 909 S.W.2d 408, 410 (Tenn. 1995); State v. Rush, 50 S.W.3d 424, 427 (Tenn. 2001).

The defendant contends that since aggravated assault is not a lesser included offense of attempted first degree murder, an amendment of the indictment was necessary prior to instructing the jury as to aggravated assault. The defendant argues that this proposition is supported by State v. Stokes, 24 S.W.3d 303 (Tenn. 2000). Stokes involved an erroneous instruction of a lesser included offense which originated with the trial judge and was given with the defendant's acquiescence. Our Supreme Court held that the defendant's acquiescence is insufficient to transform an erroneous jury instruction into a valid amendment of the indictment. Id. at 306.

The Stokes court then clarified the procedure by which an amendment of an indictment should be made under Tennessee Rule of Criminal Procedure 7(b):

> An indictment may be amended pursuant to Rule 7(b) where an oral or written motion to amend the indictment is made and where the defendant's oral or written consent to the motion is clear from the record.

Id. at 306-07.

The State counters this argument by contending that Stokes is distinguishable under the instant facts, due to the defendant having affirmatively requested the erroneous instruction. The State relies on a trio of cases that it contends survive as authoritative on the common thread of the defendant being the moving force requesting an erroneous instruction.

In State v. Davenport, 980 S.W.2d 407 (Tenn. Crim. App. 1988), this Court restated the proposition that where a defendant affirmatively requests an erroneous lesser included offense, then the defendant is deemed to have consented to an amendment of the indictment. Id. at 409. State v. Ealey, 959 S.W.2d 605 (Tenn. Crim. App. 1997), and State v. Robert W. Bentley, No. 02C01-9601-CR-00038, 1996 Tenn. Crim. App. LEXIS 649, *3 (Tenn. Crim. App. at Jackson, Oct. 17, 1996), are in like accord.

We are not unmindful of the current version of Tennessee Code Annotated section 40-18-110, but it was not in effect at the time of this trial and the preceding version does not address the issue at hand.

We concede that there is language in Stokes that seemingly requires an affirmative amendment of the indictment under the circumstances of this case. However, we distinguish Stokes from those instances where the defendant affirmatively seeks an erroneous lesser included offense.

We are aided in reaching that conclusion by Tennessee Rule of Appellate Procedure 36(a), which states in pertinent part:

> Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error.

Accordingly, we conclude that this issue is without merit and affirm the conviction for aggravated assault.

In his third issue, the defendant alleges that count two of the indictment was insufficient to support his conviction for misdemeanor evading arrest. An indictment must "state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended . . . ." Tenn. Code Ann. § 40-13-202. To satisfy our constitutional notice requirements, an indictment must provide notice of the offense charged, an adequate basis for the entry of a proper judgment, and suitable protection against double jeopardy. State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). An indictment need not conform to strict pleading requirements. Id.

The Tennessee Supreme Court continues to emphasize the relaxation of common law pleading requirements, as well as its reluctance to promote form over substance in examining the sufficiency of an indictment. See State v. Hammonds, 30 S.W.3d 294, 300 (Tenn. 2000). Indictments which satisfy the requirements for adequate notice to the defendant also satisfy constitutional and statutory requirements. Id. For example, an indictment which refers to the statute defining the offense is sufficient both to provide a defendant with notice and to satisfy constitutional and statutory requirements. State v. Sledge, 15 S.W.3d 93, 94 (Tenn. 2000). Furthermore, an indictment alleging all elements of an offense is sufficient even though it does not allege the specific theory upon which the prosecution intends to rely to prove each element. State v. Lemacks, 996 S.W.2d 166, 172 (Tenn. 1999).

The defendant's specific allegation of error is the failure to include in the indictment the words "by any means of locomotion." Count two of the indictment read as follows:

> And the Grand Jurors aforesaid, on their oath aforesaid, do further present and say that the said Alonzo Maurice Rogan heretofore on or about the 31st day of January, 1999 in the County and State aforesaid, did unlawfully and intentionally flee from Greg Buhch [sic], a person Alonzo Maurice Rogan knew to be a law enforcement officer and Alonzo Maurice Rogan well knew that said officer was attempting to arrest him, against the peace and dignity of the State of Tennessee.
> In Violation of:
> TCA § 39-16-603
>  A-M

The defendant seeks our review under the plain error standard of Tennessee Rule of Criminal Procedure 52(b). The defendant's request for this review is tacit recognition that the issue was not the object of an objection before or during trial, neither was it included in the motion for a new trial.

-5-

Therefore, we are precluded from consideration of this issue by virtue of Tennessee Rule of Appellate Procedure 3(e). If warranted, we could accept review under Tennessee Rule of Appellate Procedure 52(b). We are guided by five factors, which must all be present before review under "plain error" is appropriate: (a) the record must clearly establish what occurred in the trial court; (b) a clear and unequivocal rule of law must have been breached; (c) a substantial right of the accused must have been adversely affected; (d) the defendant did not waive the issue for tactical reasons; and (e) consideration of the error is necessary to do substantial justice. State v. Smith, 24 S.W.3d 274, 282-83 (Tenn. 2000) (quoting State v. Adkisson, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994)).

We have reviewed the record and concluded that a "plain error" standard would be inappropriate insofar as factors (b), (c), and (e) were not met. Therefore, we deem the issue waived and decline acceptance of review under the "plain error" standard.

The defendant, in his last issue, alleges error in allowing testimony concerning the defendant's statement to police in the face of an order granting the State's motion in limine concerning the defendant's statement.

> Prior to trial, the State filed a motion in limine which read as follows:
> <u>Motion In Limine To Prevent Any Introduction Or Reference To The Statement Made By The Defendant To The Police</u>
>        Comes now the State of Tennessee, by and through the Office of the District Attorney General and moves this Honorable Court to prevent the Defense from referring to in any way the statement of the Defendant in that the Defendant's statement is self-serving in its entirety. The State does not intend to use the statement during the course of the trial.
>                          Respectfully submitted,
>                          Sallie Wade Brown
>                          Assistant District Attorney General

> The Order granting the motion was entered and stated the trial court's ruling:
>                          ORDER
>        This cause is before the Court this the 24th day of February, 2000 upon a motion in limine to prevent any introduction or reference to the statement made by the defendant to the police.
>        It is therefore, ordered by the the [sic] Court that the motion in limine to prevent any introduction or reference to the statement made by the defendant to the police in the State's case in Chief, heard on this date be and the same hereby is agreed.
>        This the 29th day of February, 2000.

The trial was bifurcated with counts one and two presented first, followed by a separate trial on count three, the possession of a weapon by a convicted felon, under Tennessee Code Annotated section 39-17-1307(b)(1)(B). During the second phase of the trial on count three, the State

announced its intent to introduce the portion of the defendant's statement that he had a weapon that he knew he was not supposed to have in his possession.

The defendant objected and was obviously surprised that the State, the moving party for the motion in limine, was now attempting to use the portion most damaging to the defendant. The State, in response to the objection, stated, "This is a bifurcated trial, and I'm asking for it at this trial." Counsel for the State elaborated on its position by arguing as follows:

> The self-serving statement is a statement the State can use if it chooses to. I know there was a motion in limine filed. The motion in limine was to prevent the defense from referring to the statement in the trial. If the State chooses to, it should be able to use the statement.

With the trial court's approval, the State proceeded to introduce the portion of the defendant's statement wherein he acknowledged that he was aware he should not be carrying a weapon.

This conduct by the State to introduce a portion of the defendant's statement when it suited the State, after successfully blocking the defendant's use during the first phase of the trial, was totally gratuitous. Sergeant Bunch had testified he took a weapon from the defendant, and the defendant's prior felony convictions were proven through a clerk in the criminal division of the Circuit Court Clerk's office.

In light of the other evidence, introduction of this portion of the defendant's statement is harmless error. It is only emphasized to exemplify conduct which could be fairly characterized as "trial by ambush." The same individual who penned the concluding sentence of the motion in limine, "The State does not intend to use the statement during the course of the trial," uttered the brazen justification for its use at the trial.

In light of the overwhelming evidence of the defendant having the status of a convicted drug felon and his possession of a weapon, as proven by means other than the defendant's statement, we are compelled to affirm the conviction on this count. Our affirmation does not constitute approval of the prosecution's tactics.

After careful review of the record, we conclude that the defendant's allegations of error are without merit or do not rise to the level of reversible error. Therefore, we affirm the convictions in all respects.

_____
JOHN EVERETT WILLIAMS, JUDGE