IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 26, 2008

## LAVON MARIO DAVIS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Knox County**
**No. 78216     Mary Beth Leibowitz, Judge**

---

**No. E2007-02797-CCA-R3-PC - Filed February 12, 2009**

---

The petitioner, Lavon Mario Davis, appeals the denial of post-conviction relief by the Criminal Court for Knox County from his convictions for second degree murder and attempted first degree murder, both Class A felonies. He was sentenced to twenty years for the second degree murder conviction and twenty-five years for the attempted first degree murder conviction, to be served consecutively, for an effective sentence of forty-five years. He contends that: he received ineffective assistance of counsel; the trial court lacked authority to accept the guilty plea to second degree murder; and the trial court lacked a sufficient factual basis to accept his guilty plea to attempted first degree murder. We affirm the judgment from the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J.C. MCLIN, JJ., joined.

Albert J. Newman, Jr., Knoxville, Tennessee, for the appellant, Lavon Mario Davis.

Robert E. Cooper, Jr., Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Randall Eugene Nichols, District Attorney General; and Kevin J. Allen, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

During the post-conviction hearing, the petitioner testified that his counsel represented him for approximately four years while his matters were pending. He said he was in jail from 1998 until he made a bond in June 1999. The petitioner estimated that he met with counsel six times during that period. When counsel was appointed, the petitioner was only facing a single charge of felony murder.

During his initial meeting with counsel, he told counsel that he was "ridin'" with two other people when they decided to rob the victim. One of the men with him had done yard work for the victim and knew "that the man had money." The petitioner testified that he waited outside the house

while an associate, "Mr. Siler," went inside the house. The petitioner heard a gunshot after no more than five seconds.

The petitioner testified that they only planned to rob the victim; there was no plan to cause injury to the victim. The petitioner said that he did not supply the gun to the shooter but was aware that "Mr. Siler" had a gun when he entered the house.

The petitioner said that counsel never showed him any paperwork and did not explain anything to him. He said counsel did not tell him about lesser included offenses. The petitioner testified that counsel only discussed that the State had made a plea offer. He said that he told counsel that he could not plead to second degree murder because he was not guilty and had not shot anyone. He testified that counsel had not explained that he did not have to be the shooter to be guilty of felony murder.

The petitioner testified that, in 2002, he was charged with the second crime, attempt to commit first degree murder. He also discussed the facts of that case with counsel. The petitioner told counsel that he was just "standin' out" and "doin' nothing" with four others when he asked someone for some "weed." They "continued to do nothin" until the victim in the assault case stopped his car near their group. One of the men approached the victim's car and talked with the victim for approximately two minutes before he asked the petitioner to come over. He discussed "weed" with the victim, but the victim did not want to sell his "weed." After the victim drove away, the four men followed him in their car. They got the victim to pull over, and the petitioner approached his car to get some marijuana. One of his group also approached the car, produced a gun, and told the victim to "give him the weed." The victim tried to drive off, and the petitioner's friend shot him. The petitioner said that, initially, the victim drove straight but went off course and ran into a ditch. The petitioner said he argued with the shooter and then told one of the victim's friends to call for help.

The petitioner said he did not shoot the victim but entered a guilty plea to attempt to commit first degree murder on advice of counsel. Counsel advised him that, based on the state's offer, he had to plead guilty to both charges or take them both to trial.

The petitioner asked for different counsel because they were not working well together. He testified that the court told him he would not be appointed another attorney. The petitioner filed a complaint with the Board of Professional Responsibility. He said counsel confronted him about the complaint and told him that the judge would not remove him from the case.

The petitioner said counsel was not prepared to proceed to trial on either case. He said he knew that, if he was successful in his post-conviction, he could be recharged and might receive more time than he was serving.

During cross-examination, the petitioner said his charge partner from the felony murder offense went to trial and received a life sentence. The petitioner agreed that he made a statement to

some investigators of the Knoxville Police Department indicating that he was involved as the lookout in the robbery that resulted in the homicide of the first victim. The petitioner said he thought counsel was not prepared for trial because counsel asked him to plead guilty even though he was innocent. During redirect examination, the petitioner said he did not know of anyone else who was tried or convicted of the attempt to commit first degree murder with regard to the incident involving the second victim.

The petitioner's counsel testified that he met with the petitioner while he was in jail but saw little of him when he was out on bond. With regard to the petitioner's statements, counsel said that "just about everything he said is 100% correct." He testified that he believed the petitioner knew that he could be convicted of felony murder just by being a lookout in the robbery. He said he negotiated the second degree murder plea because it would be less time than felony murder which carried the possibility of a life sentence. Counsel said that based on the petitioner's confession and the co-defendant's confession, it was unlikely that a jury would find him not guilty of felony murder.

Counsel recalled that the petitioner maintained he was not at the victim's car in the attempt to commit first degree murder case. However, it was later revealed that the petitioner's palm print was on the victim's car. He recalled there was a discrepancy as to who actually shot the victim. He said that the attempt case was more negotiated as a means of getting the other case down from first degree felony murder. Counsel testified that the fact that the petitioner was on bond when he committed the second crime prevented discussion on concurrent sentences for the petitioner.

Counsel said the petitioner did not like what he had to tell him because it was not good news. Counsel said he could not change the facts: the victim was dead, the petitioner confessed, the co-defendants confessed, and they all agreed that the petitioner was the lookout. Counsel testified he would still recommend the petitioner not take the felony murder case to trial. He said the other case, the attempt to commit first degree murder, was not as bad but that they would not get the felony murder charge worked out without a plea agreement in both cases.

Following the hearing, the post-conviction court took the matter under advisement before issuing written findings. The court found that the petitioner entered his plea knowingly, intelligently, and voluntarily. The court further found that counsel's representation was within the range of competence demanded by attorneys in criminal cases.

Analysis

First, we consider whether the trial court erred in dismissing the petition for post-conviction relief in which the petitioner alleged that counsel was ineffective regarding his guilty plea. To sustain a petition for post-conviction relief, a defendant must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. T.C.A. § 40-30-110(f) (2006); *Momon v. State,* 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, an appellate court will not reweigh or reevaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. *Momon*, 18 S.W.3d at 156; *Henley v. State*, 960 S.W.2d 572,

578-79 (Tenn. 1997). The trial court's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. *Momon*, 18 S.W.3d at 156; *Henley*, 960 S.W.2d at 578. The court's application of the law to the facts, however, is reviewed *de novo* without any presumption of correctness. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). Post-conviction relief may only be granted if a conviction or sentence is void or voidable because of a violation of a constitutional right. T.C.A. § 40-30-103 (2006).

For a petitioner to successfully overturn a conviction based on ineffective assistance of counsel, the petitioner must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Second, the petitioner must show that the deficiencies "actually had an adverse effect on the defense." *Strickland v. Washington*, 466 U.S. 668, 693, 104 S. Ct. 2052 (1984). A petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel.

In *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366 (1985), the Supreme Court applied the two-part *Strickland* standard to ineffective assistance of counsel claims arising out of a guilty plea. The Court in *Hill* modified the prejudice requirement by requiring a petitioner to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. 474 U.S. at 59, 106 S. Ct. at 370; *see also Nichols v. State*, 90 S.W.3d 576, 587 (Tenn. 2002).

Here, the petitioner contends that counsel was ineffective in three areas: (1) he failed to explain the elements of felony murder and second degree murder; (2) he failed to advise the petitioner about his case; and (3) he failed to discuss possible theories of defense. The State argues that the petitioner has failed to demonstrate either that counsel was deficient or that the petitioner suffered any prejudice.

During the post-conviction hearing, counsel testified that he discussed the charges and the petitioner's options with him prior to entering the guilty plea. Counsel testified that the petitioner might have had a defense to the charge of attempted first degree murder but the plea agreement offered did not allow for a plea to one charge while proceeding to trial on the other charge. It was one plea offer that encompassed both charges. Counsel testified that he would still advise the petitioner to take the plea agreement rather than proceed to trial and expose himself to the possibility of a life sentence.

Our review reflects that the petitioner has not met his burden of demonstrating that counsel's representation was deficient. Further, he has not demonstrated that he was prejudiced by counsel's representation. He has not provided any evidence to support his contention that he would not have pled guilty or insisted on going to trial. The record reflects that the petitioner told the trial court he understood his plea agreement at the time he entered his plea and that he was satisfied with counsel's representation. He testified at the post-conviction hearing that he pled guilty because the State would not allow him to plead on one charge and proceed to trial on the other. The petitioner is not entitled to any relief on this issue.

Next, the petitioner argues that the trial court erred in accepting a plea of guilty to second degree murder as a lesser included offense of first degree felony murder. The offense occurred on February 19, 1998, before second degree murder was considered a lesser included offense of first degree felony murder. Specifically, the petitioner argues that the trial court did not have the authority to accept the guilty plea.

The Tennessee Supreme Court concluded that second degree murder was a lesser included offense of felony murder in the decision of *State v. Ely*, 48 S.W.3d 710, 723 (Tenn. 2001). It is well settled that the holding in *State v. Ely* applies retroactively to cases that were either in the "appellate pipeline" or pending at the time the decision was announced. *State v. Frederick Morrow*, No. M2005-00554-CCA-R3-PC, 2006 Tenn. Crim. App. LEXIS 541, at *33 (Tenn. Crim. App., at Nashville, July 11, 2006) (citing *State v. Stokes*, 24 S.W.3d 303 (Tenn. 2000)). The petitioner entered his plea on September 25, 2002, when the holding in *Ely* was applicable. The petitioner is not entitled to relief on this issue.

Next, the petitioner argues that the trial court did not have a sufficient factual basis to accept his plea for attempt to commit first degree murder and, therefore, should not have accepted his plea. This court has previously concluded that lack of a factual basis for a guilty plea is not a basis for post-conviction relief. *Powers v. State*, 942 S.W.2d 551, 555 (Tenn. Crim. App. 1996). This court has also concluded that a "defendant who acts in his own best interest, voluntarily and intelligently pleading guilty to a charge for which there is little factual foundation, and waiving any objection to the charge, and who later attempts to attack the plea for which he bargained, has no basis for a constitutional challenge to the conviction. He has, at best, invited error, and, at worst, attempted to manipulate the court." *Kenneth Knox Gaddis v. State*, No. 03C01-9303-CR-00064, 1994 Tenn. Crim. App. LEXIS 1, *11 (Tenn. Crim. App. Jan. 4, 1993), *perm. to app. denied* (Tenn. May 25, 1994). The petitioner voluntarily, intelligently, and knowingly entered a plea of guilty because it was to his advantage. He is entitled to no relief on this issue.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment from the post-conviction court.

_____
JOHN EVERETT WILLIAMS, JUDGE