IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 2, 2011

## TERRENCE G. MOTLEY v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 93-00594    Chris Craft, Judge**

---

**No. W2010-02264-CCA-R3-CO  - Filed October 20, 2011**

---

In 1994, the Petitioner, Terrence G. Motley, pursuant to a plea agreement, pled guilty to aggravated assault and aggravated burglary and was sentenced to three years in the Shelby County workhouse for each crime, with the sentences to be served concurrently. In 2010, the Petitioner filed "A Motion In The Nature of Writ Of Error Coram Nobis," which the trial court dismissed without a hearing. The trial court held that the Petitioner's claim was time-barred and that coram nobis relief was not applicable to the Petitioner's claim. After a thorough review of the record, the briefs, and relevant authorities, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JERRY L. SMITH and CAMILLE R. MCMULLEN, JJ., joined.

Terrance G. Motley, Pro Se, Only, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Assistant Attorney General; and William L. Gibbons, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**
**I. Background**

In 1993 and 1994, a Shelby County grand jury indicted the Petitioner for one count of attempted first degree murder and for one count of aggravated burglary. The Petitioner, through counsel, negotiated a plea agreement with the State wherein the attempted first degree murder charge was reduced to aggravated assault, and the Petitioner pled guilty via an *Alford*

plea, to aggravated assault and to aggravated burglary. Concurrent sentences of three years, to be served in the workhouse, were a part of the plea agreement, which was approved by the trial court. Two judgments were therefore entered on February 7, 1994, reflecting the terms of the plea agreement.

On September 3, 2010, more than 16 years after the entry of his negotiated guilty pleas, the Petitioner filed "A Motion In The Nature Of Writ Of Error Coram Nobis," which is the subject of this appeal. In his motion, the Petitioner sought to withdraw his pleas and asked the trial court to set aside its judgments, vacate the sentences, and "declare convictions null and void." Specifically, the Petitioner submitted the following in support of his motion:

1. Movant, pleas were unknowingly and involuntarily entered due to lack of notice and fraud,
2. Movant is legal and factually innocent,
3. Due process requires tolling of the statute of limitations,
4. Pleas were conditional,
5. Movant continues to suffer Federal Disabilities and adverse consequences as a result of the illegal sentence/convictions.

In his motion, the Petitioner asserts that he unknowingly entered into an "illegal" plea agreement because he pled guilty to aggravated assault, which is not a lesser-included offense of attempted first degree murder, the crime for which he was indicted. For this reason, and because the indictment did not separately charge the Petitioner with aggravated assault, the Petitioner asserts that he pled guilty to an offense for which he was not indicted by the grand jury, and therefore his plea agreement was illegal.

The Petitioner attacks his conviction for aggravated burglary because his guilty plea to that offense was "conditional" to the validity of the plea to aggravated assault. He claims that his counsel was ineffective for not informing him that pleading guilty to aggravated assault based on an indictment for attempted murder was illegal, and this failure by counsel resulted in an unknowing and involuntary plea to aggravated assault. The Petitioner also includes in his motion a list of additional assertions of ineffectiveness on the part of counsel. Apparently, as grounds for the writ of error coram nobis, the Petitioner relies upon the allegedly illegal and fatal flaws in the 1994 plea.

Relying upon the one year statute of limitations for error coram nobis relief, the trial court determined that the Petitioner's motion was time-barred, and it denied the motion without a hearing. The trial court found that "The Petitioner has not demonstrated the applicability of any basis upon which he might be excused from the statute of limitations." Additionally, the trial court opined that the Petitioner's "issue does not fall within the general

-2-

framework for coram nobis relief," pointing out that the writ is not available to set aside guilty pleas unless the newly discovered evidence affected the voluntariness of the plea. Finally, citing *State v. Yoreck*, 133 S.W.3d 606 (Tenn. 2004), the trial court found that a plea agreement like the one entered by the Petitioner was not illegal.

It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that the trial court erred when it: (1) dismissed his writ of error coram nobis without holding a hearing; (2) found that the "newly discovered" evidence did not affect the voluntariness of his plea; and (3) found that he waived his right to a grand jury amending the indictment by signing a waiver to his right to a jury trial and entering a guilty plea.

A writ of error coram nobis is available to a defendant in a criminal prosecution. T.C.A. § 40-26-105(a) (2009). As to whether a writ for error coram nobis may be sought by a defendant who pled guilty, we note that the statute governing coram nobis relief provides that relief under its provisions only lies for newly discovered evidence "relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial." T.C.A. § 40-26-105 (2009). The Tennessee Supreme Court has recently granted an appeal in order to determine whether, based on this language, the error coram nobis writ is available to a defendant who pleads guilty. *See Stephen Wlodarz v. State*, No. E2008-02179-R11-CO, 2010 WL 1998766 (Tenn. Crim. App., at Knoxville, May 19, 2010), *perm. app. granted* (Tenn. Aug. 25, 2010). As of the time our Supreme Court took this issue up on appeal, courts had interpreted the statute to allow coram nobis relief for a petitioner who pled guilty, but only where the petitioner demonstrates that the newly discovered evidence shows his guilty plea was not knowingly and voluntarily entered. *See Newsome v. State*, 995 S.W.2d 129, 134 (Tenn. Crim. App. 1998).

The decision to grant or to deny a petition for the writ of error coram nobis on its merits rests within the sound discretion of the trial court. *State v. Ricky Harris*, 301 S.W.3d 141, 144 (Tenn. 2010) (citing *State v. Vasques*, 221 S.W.3d 514, 527-28 (Tenn. 2007)). Tennessee Code Annotated section 40-26-105(b) provides, in pertinent part:

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

A writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999); *State v. Workman*, 111 S.W.3d 10, 18 (Tenn. Crim. App. 2002). As previously noted by our Court, "the purpose of this remedy 'is to bring to the attention of the [trial] court some fact unknown to the court, which if known would have resulted in a different judgment.'" *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995) (quoting *State ex rel. Carlson v. State*, 407 S.W.2d 165, 167 (Tenn. 1996)).

To establish that he is entitled to a new trial, the Petitioner must show: (a) the grounds and the nature of the newly discovered evidence, (b) why the admissibility of the newly discovered evidence may have resulted in a different judgment if the evidence had been admitted at the previous trial, (c) that the Petitioner was without fault in failing to present the newly discovered evidence at the appropriate time, and (d) the relief sought. *Hart*, 911 S.W.2d at 374-75. Affidavits should be filed in support of the petition. *Id.* at 375.

> The grounds for seeking a petition for writ of error coram nobis are not limited to specific categories, as are the grounds for reopening a post-conviction petition. Coram nobis claims may be based upon any "newly discovered evidence relating to matters litigated at the trial" so long as the petitioner also establishes that the petitioner was "without fault" in failing to present the evidence at the proper time. Coram nobis claims therefore are singularly fact-intensive. Unlike motions to reopen, coram nobis claims are not easily resolved on the face of the petition and often require a hearing.

*Harris v. State*, 102 S.W.3d 587, 592-93 (Tenn. 2003). "Similar to habeas corpus hearings, coram nobis evidentiary hearings are not mandated by statute in every case." *Richard Hale Austin v. State*, No. W2005-02591-CCA-R3-CO, 2006 WL 3626332, *6 (Tenn. Crim. App., at Jackson, Dec. 13, 2006). A petition of either type "'may be dismissed without a hearing, and without the appointment of counsel for a hearing'" if the petition does not allege facts showing that the petitioner is entitled to relief. *Id.* (quoting *State ex rel. Edmondson v. Henderson*, 421 S.W.2d 635, 636 (Tenn. 1967)).

Coram nobis claims are subject to a one-year statute of limitations that is computed from the date the judgment of the trial court becomes final. T.C.A. § 27-7-103 (2009); *State v. Mixon*, 983 S.W.2d 661, 670 (Tenn.1999). The State bears the burden of raising the bar of the statute of limitations as an affirmative defense. *Harris*, 102 S.W.3d at 593. Due process considerations may toll the statute of limitations applicable to coram nobis petitions. *Workman v. State*, 41 S.W.3d 100, 101 (Tenn. 2001). To determine whether due process requires tolling, a court must weigh the petitioner's interest in obtaining a hearing to present a later-arising ground for relief against the State's interest in preventing stale and groundless

claims. *Id.* at 103. In balancing these interests, a court should utilize a three-step analysis:

> (1) determine when the limitations period would normally have begun to run;

> (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and

> (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995). Whether due process requires tolling of the limitations period is a mixed question of law and fact, which this Court reviews de novo with no presumption of correctness. *See Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006).

Based on the record, it is clear that the petitioner filed his petition approximately fifteen years after the statute of limitations had expired. Although the statute of limitations for filing a petition for writ of error coram nobis may be tolled based on principles of due process, nothing in the record here implicates any due process concerns that would require that the statute of limitations be tolled.

As to the State's contention that the plain language of the coram nobis statute excludes coram nobis relief following guilty pleas, we note that, regardless of what our Supreme Court ultimately holds in *Wlodarz v. State*, the petition fails to comply with the law as it exists today. The petition does not comply with *Newsome* because it does not allege that the newly discovered evidence would show that he did not knowingly and voluntarily plead guilty. *See Newsome*, 995 S.W.2d at 134. The Petitioner contends that the "newly discovered" evidence was, in essence, the fact that he was not aware that aggravated assault was not a lesser-included offense of attempted first degree murder, so he was not properly convicted on a valid indictment. Because of this, he says, his guilty plea was not knowingly and voluntarily entered.

In *State v. Yoreck*, 133 S.W.3d 606, 612 (Tenn. 2004), our Supreme Court found addressed the issue of whether the trial court had jurisdiction to accept a guilty plea to aggravated assault when the defendant had been charged with attempted first degree murder. The Court held that the guilty pleas were properly accepted because:

> The defendants were initially charged with proper indictments, so the trial court was vested with jurisdiction. *See Wyatt v. State*, 24 S.W.3d 319, 323 (Tenn. 2000). An indictment may be amended in all cases with the consent of the

defendant. Tenn. R. Crim P. 7(b) (2003). According to *State v. Stokes*, 24 S.W.3d 303, 304 (Tenn. 2000), an indictment may be amended by oral or written motion and the defendant's oral or written consent to the motion must be clear from the record. We note that each of the defendants signed a "Waiver of Trial by Jury and Petition to Enter Plea of Guilty," and each judgment listed the "Amended Charge" as "Aggravated Assault." Therefore, the defendants were given notice of the charges of which they were convicted. *See State v. Hill*, 954 S.W.2d 725, 729 (Tenn. 1997) (indicating that the touchstone for constitutionality is adequate notice to the accused).

*Id.* (footnotes omitted).

Applying *Yoreck* to the case under submission, we conclude that the Petitioner's indictment was impliedly amended in that his judgment of conviction lists the offense for which he was charged as "criminal attempted murder 2nd"[1] and his conviction offense as aggravated assault. The Petitioner had notice of the charge for which he was convicted. Any error in the indictment is not proper grounds for a writ of error coram nobis.

In summary, the petition in this case is time-barred, and due process considerations do not require a tolling of the statute of limitations. Also, even had the petition been timely, the Petitioner failed to show that, because he pled guilty to an offense that was not a lesser-included offense of the crime for which he was charged, his guilty plea was not knowingly and voluntarily entered. The Petitioner is not entitled to relief.

## II. Conclusion

After a thorough review of the record and the applicable law, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE

---

[1]This appears to be a clerical error in that the indictment reflects that the State charged him with attempted first degree murder.