# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs January 13, 2009

## MELVIN L. COFER v. WAYNE BRANDON, WARDEN, STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Wayne County**
No. 14409      Robert L. Jones, Judge

_____

### No. M2008-01266-CCA-R3-HC - **Filed March 6, 2009**

_____

In 2001, a Hardeman County jury convicted the Petitioner, Melvin L. Cofer, of one count of driving under the influence ("DUI"), third offense, one count of aggravated vehicular homicide, and one count of vehicular homicide. The trial court sentenced the Petitioner to a twenty-one year effective sentence. The Petitioner filed a petition for habeas corpus relief in which he alleged that his indictment was fatally defective. The habeas corpus court summarily denied the petition. On appeal, he contends that the habeas corpus court erred when it summarily dismissed his petition and failed to appoint him counsel. After a thorough review of the record and applicable authorities, we reverse the judgment of the trial court, and remand the case for the appointment of counsel and for a hearing on the issue of the sufficiency of the indictment for aggravated vehicular homicide.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Melvin L. Cofer, Clifton, Tennessee, for the Appellant, Pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Lacy Wilber, Assistant Attorney General; Mike Bottoms, District Attorney General; Doug Dicus, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### I. Facts

A jury convicted the Petitioner of one count of driving under the influence ("DUI"), third offense, one count of aggravated vehicular homicide, and one count of vehicular homicide. He filed a direct appeal, and this Court affirmed the convictions. *State v. Melvin Cofer*, No. W2002-

01984-CCA0R3-CD, 2003 WL 21729450, at *1 (Tenn. Crim. App., at Jackson, July 25, 2003), *perm. app. denied* (Tenn. Nov. 24, 2003). The Petitioner then filed a petition for post-conviction relief, alleging that he had received the ineffective assistance of counsel at trial. The post-conviction court dismissed the petition, and this Court affirmed that judgment. *Melvin Cofer v. State*, No. W2006-00631-CCA-R3-PC, 2007 WL 2781718, at *1 (Tenn. Crim. App., at Jackson, Sept. 25, 2007), *perm. app. denied* (Tenn. Feb. 8, 2008).

The Petitioner filed a petition for habeas corpus relief in March 2008, arguing that the indictment against him charged only vehicular homicide and not aggravated vehicular homicide. He cites to the following from this Court's opinion on his direct appeal from the denial of his post-conviction petition:

> It does appear that the indictment in this case, as it appears in the record of the direct appeal presently before this court, does not contain a count alleging aggravated vehicular homicide. A valid indictment is an essential jurisdictional element to the procurement of a valid conviction. *Wyatt v. State*, 24 S.W.3d 319, 323 (Tenn. 2000). In the absence of a complete record of what transpired at trial we are unable to determine whether the indictment was ever amended either explicitly or implicitly before proceeding to the portion of the proceeding wherein the conviction for *aggravated* vehicular homicide occurred. *See State v. Yoricki*, 133 S.W.3d 606, 613 (Tenn. 2004). Of course, the petitioner may be entitled to relief on this issue in a properly pleaded and filed habeas corpus proceeding wherein the question of the sufficiency of the indictment can be fully litigated. *Id.* Such a proceeding should be instituted pursuant to T.C.A. § 29-21-101, *et. seq.*, and should be pled in accordance with the provisions of that title and chapter, including attachments demonstrating that the petitioner's conviction is void. *See Summers v. State*, 212 S.W.3d 251, 261 (Tenn. 2007).

*Cofer*, 2007 WL 2781718, at *12.

The habeas corpus court dismissed the petition without holding a hearing or appointing counsel. The habeas corpus court found:

> Specifically, the petitioner has failed to show how the indictment was fatally defective so as to deprive the trial court of jurisdiction. The indictment charges the petitioner with aggravated vehicular homicide. Even though the indictment references the wrong statute, the indictment clearly put the petitioner on notice that he would be required to defend against a charge of aggravated vehicular homicide.

It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Defendant contends that the habeas corpus court erred when it summarily dismissed his petition and that he is entitled to habeas corpus relief because his indictment was fatally defective with respect to the aggravated vehicular homicide conviction. The State counters that the record "shows that another indictment existed that charged the petitioner with aggravated vehicular homicide."

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. § 29-21-101 (2006) *et seq.* The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given de novo review. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statue, is considered void and may be set aside at any time." *May v. Carlton*, -- S.W.3d --, 2008 WL 160695, at *3 (Tenn. 2008) (citing *State v. Burkhard*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment is "one that is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83; *see State v. Richie*, 20 S.W.3d 624, 633 (Tenn. 2000).

In the case under submission, the indictment reads as follows:

> **THE GRAND JURORS** of Hardeman County, Tennessee, duly emplaneled and sworn, upon their oath, present that **MELVIN L. COFER** on or about March 12, 2001, in Hardeman County, Tennessee, and before the finding of this indictment, did unlawfully drive or was in physical control of a motor vehicle on the public roads, streets, alleys and highways while the alcohol concentration in the breath or blood of the said Melvin L. Cofer was twenty-hundredths of one percent (.20%) or more, in violation of T.C.A. 55-10-401(a)(2), against the peace and dignity of the State of Tennessee.

> **COUNT TWO**

> And the Grand Jurors on their oath aforesaid further present that in Hardeman county on or about March 12, 2001, before the finding of this indictment, the said **MELVIN L. COFER** did unlawfully drive a motor vehicle under the influence having been previously convicted of driving under the influence on 6-25-87 in the General Sessions Court of Hardeman County . . . and

on 12-8-94 in the General Sessions Court of Hardeman County . . . in violation of T.C.A. 55-10-403, against the peace and dignity of the State of Tennessee.

## COUNT THREE

And the Grand Jurors on their oath aforesaid further present that in Hardeman County on or about March 12, 2001, before the finding of this indictment, the said **MELVIN L. COFER** did unlawfully, feloniously and recklessly kill Jeffery Taylor by the operation of an automobile, the killing of Jeffery Taylor being the proximate result of Melvin L. Cofer's intoxication as operator of said automobile, in violation of T.C.A. 39-13-213, against he peace and dignity of the State of Tennessee.

## COUNT FOUR

And the Grand Jurors on their oath aforesaid further present that in Hardeman County on or about March 12, 2001, before the finding of this indictment, the said **MELVIN L. COFER** did unlawfully, feloniously and recklessly cause serious bodily injury to Candice Jane Main by the operation of a motor vehicle, in violation of T.C.A. 39-13-106, against the peace and dignity of the State of Tennessee.

Attached to the Petitioner's petition for habeas corpus relief is an excerpt of the trial proceedings. That transcript reflects that, after the jury returned a verdict convicting the Petitioner of vehicular homicide, the trial court informed the jury:

Another count of the indictment charges the Defendant with aggravated vehicular homicide, and that indictment alleges on that occasion that [the Petitioner] was convicted of . . . two prior driving under the influences of intoxicants, and alleges that as a result of that now, that he is now guilty of aggravated vehicular homicide allegedly.

So, at this time, . . . .we will begin the proceeding of this trial to determine the Defendant's guilt or innocence or whether the State can prove his guilt beyond a reasonable doubt of the offense of aggravated vehicular homicide. At this time the State will read to you the second count of the indictment.

After reading Count 2 of the indictment, which is outlined above, the State introduced certified copies of the Defendant's two previous convictions for DUI. The parties then presented their arguments to the jury. During the defense attorney's closing argument, she stated:

Ladies and Gentlemen of the Jury, I know it's hard, because I think you thought after you rendered your verdict you'd be able to go home, and then to have a surprise brought upon you that you're going to have to stay and still do something further, what the Judge told you when you first came back in is true, that now that

-4-

[the Petitioner] has been found guilty of vehicular homicide, the State is reading another indictment and another charge against [the Petitioner] for a greater . . . punishment, which would be the aggravated vehicular homicide.

After presenting some argument, she asked the jury to find the Petitioner "not guilty as to the increased offense of aggravated vehicular homicide . . . ." The trial court instructed the jury:

Ladies and Gentlemen of the Jury, you have now found the Defendant guilty beyond a reasonable doubt as to vehicular homicide as a result of intoxication as charged in Count 1 of the indictment. It's now your duty to determine whether the Defendant is guilty of aggravated vehicular homicide as charged in Count 2 of the indictment.

We disagree with the State's contention on appeal that the record included with the Petitioner's petition "shows that another indictment existed that charged the petitioner with aggravated vehicular homicide." In fact, the record clearly indicates that all the parties considered that Count 2 of the indictment alleged aggravated vehicular homicide. However, the language of that count of the indictment and the statute that it cites allege DUI, third offense, a crime for which the Petitioner was convicted. Although the parties agreed that Count 2 of the indictment alleged aggravated vehicular homicide, there is no indictment for that charge: Count 1 alleges DUI; Count 2 alleges DUI, third offense; Count 3 alleges vehicular homicide; and Count 4 alleges vehicular assault.

We also disagree with the habeas corpus court's finding that the indictment sufficiently charged the Petitioner with aggravated vehicular homicide because the language of the indictment charged that offense even though it referenced the wrong statute. Count 2 of the indictment, which appears to be the count to which the habeas corpus court is referring, alleges DUI, third offense, and references the DUI statute. The State relied on Count 2 when it sought an aggravated vehicular homicide conviction. Although we agree with the habeas corpus court that the Petitioner was on notice that he would be required to defend a charge of aggravated vehicular homicide, a valid indictment is an essential jurisdictional element to the procurement of a valid conviction. *See Wyatt v. State*, 24 S.W.3d 319, 323 (Tenn. 2000).

The issue before the Court then is whether the indictment was amended either explicitly or implicitly before the portion of the proceeding wherein the conviction for aggravated vehicular homicide occurred. In the absence of transcripts of all relevant portions of the record, we are unable to ascertain wither the aggravated vehicular homicide conviction can stand or whether the Petitioner is entitled to habeas corpus relief. *See State v. Yorick*, 133 S.W.3d 606, 613 (Tenn. 2004); *Cofer*, 2007 WL 2781718, at *12. We are constrained to remand this case to the trial court for the Petitioner to be appointed counsel and for a hearing wherein the question of the sufficiency of the indictment can be fully litigated.

### III. Conclusion

Based on the foregoing reasoning and authorities, we remand this case to the habeas corpus court for the Petitioner to be appointed counsel and for a hearing where the question of the sufficiency of the indictment can be fully litigated.

_____
ROBERT W. WEDEMEYER, JUDGE