# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
October 2, 2003 Session

## STATE OF TENNESSEE v. ROBERT JAMES YORECK, III

**Appeal by permission from the Court of Criminal Appeals**
**Circuit Court for Montgomery County**
**No. 38639, 40000069     John H. Gasaway, III, Judge**

---

**No. M2001-02448-SC-R11-CD - Filed April 22, 2004**

---

AND

## STATE OF TENNESSEE v. RENNE EFREN ARELLANO

**Appeal by permission from the Court of Criminal Appeals**
**Circuit Court for Maury County**
**No. 12120     Robert L. Jones, Judge**

---

**No. M2002-00380-SC-R11-CD - Filed April 22, 2004**

---

AND

## STATE OF TENNESSEE v. MARIO C. ESTRADA

**Appeal by permission from the Court of Criminal Appeals**
**Circuit Court for Maury County**
**No. 12131     Robert L. Jones, Judge**

---

**No. M2002-00585-SC-R11-CD - Filed April 22, 2004**

---

We granted permission to appeal pursuant to Tennessee Rule of Appellate Procedure 11 to consider whether the Court of Criminal Appeals had the authority to vacate convictions arising out of plea agreements when the defendants sought sentence review only. We hold that while the Court of Criminal Appeals had the authority to review issues beyond the sentencing issues raised on appeal, the court erred by finding plain error and vacating the convictions. Additionally, we find that the trial court had subject matter jurisdiction to accept the guilty plea agreements in these cases.

Accordingly, we reinstate the convictions imposed by the trial court and remand the cases to the Court of Criminal Appeals for consideration of the defendants' sentencing issues.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Criminal Court of Appeals Reversed; Remanded to Court of Criminal Appeals**

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Gordon W. Smith, Associate Solicitor General; and Helen Young, Assistant District Attorney General, for the appellant, State of Tennessee (in Yoreck).

Gregory D. Smith, Clarksville, Tennessee, for the appellee, Robert James Yoreck, III.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Gordon W. Smith, Associate Solicitor General; T. Michael Bottoms, District Attorney General; and Joseph L. Penrod, Assistant District Attorney General, for the appellant, State of Tennessee (in Arellano and Estrada).

William C. Barnes, Jr., Columbia, Tennessee, for the appellee, Renne Efren Arellano.

Robin E. Farber, Assistant Public Defender, Columbia, Tennessee, for the appellee, Mario C. Estrada.

**OPINION**

I. Facts and Procedural History

These three cases, consolidated for consideration, involve defendants who appealed the length or manner of service of their sentences entered pursuant to plea agreements. In each case, the Court of Criminal Appeals vacated the convictions, noticing as plain error that the indictments were insufficient. Specifically, the Court of Criminal Appeals determined that each of the defendants pleaded guilty to offenses that were not lesser included offenses of those charged in the indictments.

Robert James Yoreck, III, was indicted for rape. Under a plea agreement, Yoreck pleaded guilty as a Range II multiple offender to aggravated assault. Yoreck signed a "Petition for Waiver of Trial by Jury and Request for Acceptance of Plea of Guilty," and the judgment listed the "Amended Charge" as "aggravated assault." The trial court accepted the plea agreement and sentenced Yoreck to nine years in the Tennessee Department of Correction. Yoreck appealed, contending that the sentence was excessive. Yoreck did not include a transcript of the guilty plea proceeding with the record, nor was any written amendment to the indictment changing the charge to aggravated assault included. The Court of Criminal Appeals vacated the conviction and remanded

the case, finding plain error because aggravated assault is not a lesser included offense of rape and thus was not charged in the indictment.

Mario C. Estrada and Renne Efren Arellano were both involved in the same incident which gave rise to their indictments for one count of aggravated arson, eight counts of attempted first degree murder, and one count of possession of a weapon.[1]  Pursuant to a plea agreement, each defendant pleaded guilty to one count of arson, eight counts of aggravated assault, and one count of possession of a weapon[2] in exchange for an effective twelve-year sentence, with the manner of service of that sentence to be determined by the trial court.  Estrada and Arellano each signed a "Waiver of Trial by Jury and Petition to Enter Plea of Guilty," and each judgment listed the "Amended Charge" as "Aggravated Assault."

At a joint sentencing hearing, the trial court ordered both defendants to serve their sentences in confinement.  Both defendants appealed and asserted that the trial court erred by ordering the sentences to be served in total confinement.  Using identical language in both cases, the Court of Criminal Appeals held that "plain error dictates that the convictions be vacated and the case remanded for further proceedings because aggravated assault is not a lesser included offense of attempted first degree murder," and the indictments did not charge the defendants with aggravated assault.

Pursuant to Tennessee Rule of Appellate Procedure 11, the State filed an application requesting permission to appeal all three decisions of the Court of Criminal Appeals.  This Court granted permission to appeal and consolidated the cases to consider whether the Court of Criminal Appeals had the authority to vacate the convictions arising out of plea agreements even though the defendants only sought review of their sentences.

## II.  Standard of Review

The issues before us involve questions of law; therefore, our review is de novo without a presumption of correctness.  State v. Davis, 940 S.W.2d 558, 561 (Tenn. 1997).

## III.  Analysis

The State asserts that the Court of Criminal Appeals lacked jurisdiction to vacate the convictions in these cases.[3]  The State specifically refers to Tennessee Rule of Criminal Procedure 37(b)(2), Tennessee Rule of Appellate Procedure 3(b), and Tennessee Code Annotated section 40-

---

[1]Arellano was actually charged with one count of felony possession of a weapon while Estrada was charged with one count of possession of a weapon.

[2]Arellano pleaded guilty to one count of felony possession of a weapon while Estrada pleaded guilty to one count of possession of a weapon.

[3]The State essentially makes the same arguments in each case.

35-401(c) as limitations upon the appellate court's ability to review convictions arising out of plea agreements. The State also contends that the defendants waived all nonjurisdictional defects with their guilty pleas, and conviction for an offense not included in the indictment does not create a jurisdictional issue. Moreover, the State argues that even if the Court of Criminal Appeals had jurisdiction to review the convictions, the court abused its discretion in finding plain error on the record.

The defendants[4] contend that the Court of Criminal Appeals did have a general grant of jurisdictional authority to consider plain error under Tennessee Rule of Appellate Procedure 36(a) and Tennessee Rule of Criminal Procedure 52(b). The defendants also argue that Tennessee Code Annotated section 40-35-401(c)(4) gives the court power to direct any further proceedings appropriate or required under the circumstances without limiting those proceedings to sentencing issues.

To address the parties' claims and to resolve the issue of whether the Court of Criminal Appeals had authority to vacate the convictions arising out of plea agreements[5] when the defendants only sought review of the sentencing proceedings, we must first determine whether the Court of Criminal Appeals had jurisdiction to review the convictions.

## A. Appellate Jurisdiction

In general, the Court of Criminal Appeals has jurisdiction to review the final judgments of trial courts in felony and misdemeanor criminal cases. Tenn. Code Ann. § 16-5-108(a)(1) (1994). Normally, an appellate court's review is restricted to those issues presented by the parties. Tenn. R. App. P. 13(b) (2003). A defendant who has pleaded guilty may only present certain issues on direct appeal because he has a limited "appeal as of right" to the Court of Criminal Appeals.[6] Tenn. R.

_____

[4]The Court only received a brief from and heard oral argument by Yoreck's attorney. We assume that Arellano and Estrada would have raised the same arguments as Yoreck.

[5]In order to resolve the issue before the Court, we will proceed on the assumption that the Court of Criminal Appeals was correct in finding that aggravated assault is neither a lesser included offense of attempted first degree murder nor of rape; however, we are not making a determination regarding the correctness of those findings. In addition, we note that Yoreck, through counsel, did not dispute the Court of Criminal Appeals' determination that aggravated assault is not a lesser included offense of rape.

[6]According to Tennessee Rule of Appellate Procedure 3(b)(2), a defendant who enters into a plea agreement has a right to have review of the sentence on appeal, if there was not a plea agreement concerning the sentence, or review of any issues that "were not waived as a matter of law by the plea of guilty . . . and if such issues are apparent from the record of the proceedings already had." Tennessee Rule of Criminal Procedure 37(b)(2) (2003) further provides for appellate review of issues stemming from a guilty plea by providing that:

> An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction . . . [u]pon a plea of guilty or nolo contendere if: (i) [t]he defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of

(continued...)

App. P. 3(b) (2003); see Tenn. R. Crim. P. 37(b)(2) (2003). A defendant who has entered a plea of guilty may appeal under three circumstances. First, a defendant has the right to appeal a sentence that was not the subject of the plea agreement; second, the defendant may have review of a certified question of law when a plea agreement has been accepted; and third, a defendant may seek review of issues that were not waived as a matter of law if the record clearly reflects an invalidating error. Tenn. R. Crim. P. 37(b)(2); Tenn. R. App. P. 3; see State v. Wilson, 31 S.W.3d 189, 192-93 (Tenn. 2000).

All of the defendants in the cases at issue entered into plea agreements that left the specifics of sentencing–either the length or manner of service–to the trial courts. All of the defendants only sought review of their sentences, not their indictments nor convictions, in the Court of Criminal Appeals. Thus, we must next determine whether the court may consider issues not raised by the parties.

The Court of Criminal Appeals' ability to review issues on appeal when there has been a plea of guilty is generally limited to those sentencing issues raised by the parties. See Tenn. R. App. P. 13(b). Several rules, however, allow courts to consider issues not raised on appeal. Tennessee Rule of Appellate Procedure 13(b) provides:

> The appellate court shall also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review, and may in its discretion consider other issues in order, among other reasons: (1) to prevent needless litigation, (2) to prevent injury to the interests of the public, and (3) to prevent prejudice to the judicial process.

In addition, there are two rules that address plain error. Tennessee Rule of Appellate Procedure 36(b) (2003) indicates that a final judgment shall not be set aside unless "considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process." Tennessee Rule of Criminal Procedure 52(b) (2003) provides that "[a]n error which has affected the substantial rights of an accused may be noticed at any time, even though not raised in the motion for a new trial or assigned as error on appeal, in the discretion of the appellate court where necessary to do substantial justice." Accordingly, in addition to the issues raised by the parties, the appellate court must address jurisdiction and may address plain error.

### 1. Subject Matter Jurisdiction

---

[6](...continued)
the state and of the court the right to appeal a certified question of law that is dispositive of the case . . . ; or (ii) [t]he defendant seeks review of the sentence set and there was no plea agreement under Rule 11(e); or (iii) [t]he error(s) complained of were not waived as a matter of law by the plea of guilty or nolo contendere, or otherwise waived, and if such errors are apparent from the record of the proceedings already had . . . .

Regarding jurisdiction, in these cases under consideration, it is unclear whether the Court of Criminal Appeals construed the alleged errors in the indictments as jurisdictional defects. Nevertheless, we must consider whether the trial court's acceptance of the defendants' plea agreements for offenses not included in the indictments created jurisdictional defects.[7]

Subject matter jurisdiction involves the nature of the cause of action and the relief sought and can only be conferred on a court by legislative or constitutional act. Northland Ins. Co. v. State, 33 S.W.3d 727, 729 (Tenn. 2000). Tennessee Rule of Criminal Procedure 13(b) provides that an appellate court shall consider whether the trial court had jurisdiction over the subject matter, whether or not presented for review. See State v. Carter, 988 S.W.2d 145, 148 (Tenn. 1999) (indicating that a plea of guilty does not waive a challenge to the court's jurisdiction). A defendant who enters a plea of guilty waives all nonjurisdictional defects and constitutional infirmities. State v. McKinney, 74 S.W.3d 291, 306 (Tenn. 2002); State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999). Nevertheless, under this rule of law and Tennessee Rule of Appellate Procedure 3(b), a defendant who pleads guilty may appeal the issue of whether or not the trial court had subject matter jurisdiction because jurisdictional defects are not waived by the plea. The question, therefore, is whether the trial court had subject matter jurisdiction to accept the guilty pleas in the cases under consideration.

We do not find there to be any jurisdictional defects in the cases before us for the following reasons. The defendants were initially charged with proper indictments, so the trial court was vested with jurisdiction. See Wyatt v. State, 24 S.W.3d 319, 323 (Tenn. 2000). An indictment may be amended in all cases with the consent of the defendant. Tenn. R. Crim P. 7(b) (2003). According to State v. Stokes, 24 S.W.3d 303, 304 (Tenn. 2000), an indictment may be amended by oral or written motion and the defendant's oral or written consent to the motion must be clear from the record. We note that each of the defendants signed a "Waiver of Trial by Jury and Petition to Enter Plea of Guilty,"[8] and each judgment listed the "Amended Charge" as "Aggravated Assault." Therefore, the defendants were given notice of the charges of which they were convicted. See State v. Hill, 954 S.W.2d 725, 729 (Tenn. 1997) (indicating that the touchstone for constitutionality is adequate notice to the accused).

Because (1) the trial court properly had subject matter jurisdiction over the cases at issue, (2) it appears that the indictments were orally amended during the guilty plea proceedings, and (3) the

_____

[7]Some states do not consider this situation as creating a possible jurisdictional defect. See, e.g., State v. Hochmuth, 585 N.W.2d 234, 236 (Iowa 1998) (finding that if the defendant pleaded guilty to an uncharged offense, the defendant waived error as to the lack of a formal information charging him with the offense to which he pleaded guilty when his guilty plea was voluntary, knowingly and intelligently made with a full appreciation of the consequences). But see State v. Smith, 996 S.W.2d 845, 847 (Tenn. Crim. App. 1999) (concluding that a defendant's guilty plea waiver does not apply when the indictment fails to assert an essential element of the offense charged, and therefore, subsequent proceedings are a nullity); see also Cohen v. State, 582 S.E.2d 403, 404-05 (S.C. 2003) (indicating that the trial court does not have subject matter jurisdiction unless: (1) the indictment sufficiently states the offense; (2) the defendant has waived presentment; or (3) the charge is a lesser included offense of the crime charged in the indictment).

[8]Yoreck signed a document entitled "Petition for Waiver of Trial by Jury and Request for Acceptance of Plea of Guilty."

judgments indicate agreed amendments to the indictments, none of the indictments is void on its face.[9] The convictions in these cases are at most voidable.[10] As a result, no jurisdictional issue is present, and the defendants waived all other nonjurisdictional defects and constitutional irregularities by their pleas of guilty. See McKinney, 74 S.W.3d at 306. Consequently, if the Court of Criminal Appeals vacated the convictions in the cases under consideration because it concluded the trial court lacked subject matter jurisdiction, then the court erred in so doing.

### 2. Plain Error

We must next consider whether the Court of Criminal Appeals was correct in finding plain error on the record in these cases because the defendants were convicted for offenses that were not charged in the indictments and were not lesser included offenses of the offenses charged in the indictments.[11] The State contends that the appellate court abused its discretion in finding plain error on the record.

This Court has adopted the five-factor test announced by the Court of Criminal Appeals in State v. Adkisson, 899 S.W.2d 626 (Tenn. Crim. App. 1994), to determine whether error constitutes "plain error." State v. Smith, 24 S.W.3d 274, 282 (Tenn. 2000). According to Smith, "plain error" under Tennessee Rule of Appellate Procedure 36(b) and Tennessee Rule of Criminal Procedure 52(b) may be found when all of the following factors are present:

(a) the record must clearly establish what occurred in the trial court;
(b) a clear and unequivocal rule of law must have been breached;
(c) a substantial right of the accused must have been adversely affected;
(d) the accused did not waive the issue for tactical reasons; and
(e) consideration of the error is 'necessary to do substantial justice.'

Id. (quoting Adkisson, 899 S.W.2d at 641-42). All five factors must be established in order for the

---

[9]According to the habeas corpus standard, the judgment is void if the face of the record shows that the court did not have jurisdiction. Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). In addition, the Court of Criminal Appeals has held that in habeas corpus cases a judgment reflecting an agreed amendment of the indictment forecloses any argument that the conviction was void because the offense was not a lesser included offense of the charged offense. See Dean v. State, No. E2000-01452-CCA-R3-PC, 2001 WL 276635 (Tenn. Crim. App. Mar. 21, 2001); Hunter v. Bell, No. 01C01-9807-CR-00316, 1999 WL 482405 (Tenn. Crim. App. July 9, 1999).

[10]If facially valid judgments may be voided, they are "voidable." Archer v. State, 851 S.W.2d 157, 163-64 (Tenn. 1993) (finding that failure to advise a defendant fully of rights waived by entry of a guilty plea "merely renders the related judgment voidable rather than void"). Habeas corpus relief is inappropriate when a judgment is merely voidable. Dykes, 978 S.W.2d at 529.

[11]As support for the finding of plain error, the Court of Criminal Appeals cited Tennessee Rule of Appellate Procedure 13(b), Tennessee Rule of Criminal Procedure 52(b), and State v. Adkisson, 899 S.W.2d 626, 638-39 (Tenn. Crim. App. 1994). The appellate court did not, however, consider nor apply the steps of the Adkisson plain error test, discussed supra.

Court to recognize plain error. Id. at 283.

In the cases under consideration, the Court of Criminal Appeals erred by noticing plain error because the records do not contain transcripts of the guilty plea proceedings, and therefore, the first factor under the plain error test, that the record must clearly establish what occurred in the trial court, is not met. See id. at 282. Even if factor (a) were present, the Court of Criminal Appeals' plain error review appears to be limited to only jurisdictional errors because factor (d) limits the test to issues not waived for tactical reasons, and a defendant who pleads guilty waives all non-jurisdictional defects and constitutional irregularities. McKinney, 74 S.W.3d at 306; Smith, 24 S.W.3d at 282. We have previously concluded that no jurisdictional defects were present.

### B. Limitations on Appellate Jurisdiction

Finally, we address the State's argument that Tennessee Code Annotated section 40-35-401 limits the jurisdiction of the Court of Criminal Appeals. The State argues that the legislature has limited the appellate court's general grant of jurisdiction[12] in section 40-35-401 such that it cannot review and vacate the conviction upon a sentencing appeal. Tennessee Code Annotated section 40-35-401(c) (2003) specifies how the appellate court may proceed when a defendant appeals his sentence, providing that if a sentence is appealed, the appellate court may:

1. Dismiss the appeal;
2. Affirm, reduce, vacate or set aside the sentence imposed;
3. Remand the case or direct the entry of an appropriate sentence or order; or
4. Direct any further proceedings appropriate or required under the circumstances.

The State contends that, under the statutory construction doctrine of *ejusdem generis,*[13] section 40-35-401(c)(4) limits the court to direct only additional sentencing proceedings.

We find that the State's reliance on section 40-35-401(c)(4) is misplaced and that the statute does not restrict the jurisdiction of the Court of Criminal Appeals in the manner suggested. Section 40-35-401 simply limits the relief that the appellate court may offer when reviewing appeals of sentences and does not prevent the court from considering issues besides those related to sentencing. The provision applies equally to situations in which the defendant pleaded guilty and appeals his sentence and to those in which he pleaded not guilty, is found guilty, and appeals the sentence and conviction. Therefore, section 40-35-401(c)(4) is not relevant to the issues before the Court.

---

[12]See Tenn. Code Ann. § 16-5-108(a)(1) (1994) (providing that "[t]he jurisdiction of the court of criminal appeals shall be appellate only, and shall extend to review of the final judgments of trial courts" in criminal cases).

[13]*Ejusdem generis* is defined as "a canon of construction that when a general word or phrase follows a list of specific persons or things, the general word or phrase will be interpreted to include only persons or things of the same type as those listed." Black's Law Dictionary (7th ed. 1999).

## IV.  Conclusion

For the foregoing reasons, we hold that while the Court of Criminal Appeals had the legal authority to review issues beyond the sentencing issues raised on appeal, the intermediate court erred by finding plain error and vacating the convictions arising out of the plea agreements.  We also hold that the trial court had subject matter jurisdiction to accept the guilty pleas for offenses not contained in the original indictment.  Accordingly, we reinstate the convictions imposed by the trial court and remand all three cases to the Court of Criminal Appeals to review and consider the claims of the defendants concerning their sentences.  It appearing that the defendants, Robert James Yoreck, III, Renne Efren Arellano, and Mario C. Estrada, are indigent, their costs are taxed to the State of Tennessee, for which execution may issue if necessary.

_____
ADOLPHO A. BIRCH, JR., JUSTICE