# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 13, 2004

## KEVIN L. MARSHALL v. STATE OF TENNESSEE

### Direct Appeal from the Circuit Court for Coffee County
### No. 31690     L. Craig Johnson, Judge

---

### No. M2004-01077-CCA-R3-HC -Filed October 29, 2004

---

The petitioner, Kevin L. Marshall, appeals the dismissal of his motion to correct an illegal sentence. Because this is not the appropriate context for this appeal and because we conclude that the record supports the trial court's determination that the petitioner failed to set forth a factual or legal basis on which to justify relief, we affirm the dismissal of the post-conviction petition.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID H. WELLES, J., joined.

Kevin L. Marshall, Clifton, Tennessee, *Pro Se*.

Paul G. Summers, Attorney General and Reporter; Michelle Chapman McIntire, Assistant Attorney General; Charles Michael Layne, District Attorney General; and Kenneth J. Shelton, Jr., Deputy District Attorney, for the appellee, State of Tennessee.

### OPINION

The petitioner was indicted on two counts of vehicular homicide and two counts of leaving the scene of an accident involving a fatality. Pursuant to a negotiated plea agreement, the vehicular homicide charges were dismissed and the petitioner pled guilty to leaving the scene of an accident with a fatality and an amended charge of evading arrest. The petitioner was sentenced to four years and one year for the charges, respectively. The petitioner thereafter filed a "Motion to Correct Illegal Sentence," in which he claimed that the court lacked jurisdiction to render the judgment because the original indictment did not reflect the count of evading arrest, and no new indictment or amended indictment was filed in the matter. The trial court considered the matter as a petition for post-conviction relief and summarily dismissed it. The court particularly noted the plea proceedings and the agreed amendment to Count Four of the indictment and concluded that the petition set forth no factual or legal basis upon which to justify relief. Thereafter, the petitioner filed a timely appeal to this Court.

Initially, we note that the petitioner seeks to appeal as of right the trial court's dismissal of his motion. However, "'Rule 3(b) of the Tennessee Rules of Appellate Procedure does not permit a direct appeal of a trial court's dismissal of a motion to correct an illegal sentence.'" Robin McNeal Vanhoose v. State, No. W2003-02176-CCA-R3-CO, 2004 Tenn. Crim. App. LEXIS 798 (Tenn. Crim. App., at Jackson, Sept. 17, 2004) (quoting State v. Ernest Eugene Thomas, No. E2000-02613-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 590 (Tenn. Crim. App., at Knoxville, Aug. 3, 2001)); see also Tenn. R. App. P. 3(b). Rather, the appropriate method for challenging an illegal or void judgment is through a petition for *writ of habeas corpus*, the denial of which can be directly appealed to this Court. See Tenn. R. App. P. 3(b); Tenn. Code Ann. § 29-21-127 (2004); Cox v. State, 53 S.W.3d 287, 294 (Tenn. Crim. App. 2001). In the case at bar, the petitioner has failed to follow the statutory procedural provisions for filing a *habeas* petition as set out in Tennessee Code Annotated section 29-21-107; therefore, we will not treat his appeal as such.

Alternatively, in rare circumstances, when a Rule 3 appeal is not available to a petitioner, this Court may treat an appeal as a petition for writ of certiorari, now codified at Tennessee Code Annotated section 27-8-101. See Cox, 53 S.W.3d at 294. This Court has previously held, however, that the writ of certiorari is "limited" and that "appeals via certiorari should rarely be granted to review motions that assert sentencing infirmities which do not rise to the level of illegality or voidness." Id. Although we do not believe it is an appropriate subject for such treatment, even if this appeal was treated as a petition for writ of certiorari, we conclude that the issues raised by the petitioner are without merit.

In the motion that is the basis for this appeal, the petitioner challenged his conviction for evading arrest. The record shows that the petitioner's original indictment included two counts of leaving the scene of an accident involving a fatality and that one of the charges was amended to evading arrest at the time of the petitioner's plea. The petitioner contends that the conviction for evading arrest is illegal because the original indictment did not reflect the charge and no new indictment was issued. However, Tenn. R. Crim. P. 7(b) states that an indictment may be amended in all cases with the consent of the petitioner. Tenn. R. Crim. P. 7(b). Moreover, an indictment may be amended by oral or written motion, and the petitioner's oral or written consent must be clear from the record. State v. Stokes, 24 S.W.3d 319, 323 (Tenn. 2000).

Instructive in this appeal is our supreme court's recent holding in State v. Yoreck, which squarely addresses the issue with which we are presented. State v. Yoreck, 133 S.W.3d 606 (Tenn. 2004). In Yoreck, the court held that a indictment is not facially void when: (1) the trial court properly had subject matter jurisdiction over the case at issue, (2) it appears that the indictments were orally amended during the guilty plea proceedings, and (3) the judgments indicate agreed amendments to the indictments. Id. at 612. Under this standard, the record reflects that no jurisdictional defect exists, thus the judgment in this case was neither illegal nor void.

In the case *sub judice*, the petitioner was initially charged with a proper indictment and the trial court was vested with jurisdiction, thus the first requirement is met. See, e.g., Wyatt v. State, 24 S.W.3d 319 (Tenn. 2000). Further, the record reflects that the petitioner subscribed a

"Plea of Guilty and Acknowledgment and Wavier of Rights," that the document noted in two separate places that the offense to which the petitioner pled was an amended charge, and that the document identified the charge as a Class E felony. Therefore, it appears that the indictments were orally amended during the plea proceedings. Finally, the judgment reflects the agreed amendment. Pursuant to Rule 7(b), it was the petitioner's right to agree to amendment of the indictment and to enter a plea of guilty to the amended charge of evading arrest, and that is precisely what he did. It is of no consequence that the petitioner now seeks to renounce his plea; his signature on the plea documents is a clear indication of the petitioner's notice of, and written consent to, the amended charge. Thus, the record reflects that the trial court had jurisdiction to render the judgment in this case.

Pursuant to the rule in Yoreck, because no jurisdictional defect exists, the judgment and sentence could be, at most, voidable. Moreover, by entering a plea of guilty, the petitioner admitted all facts and elements necessary to sustain a conviction and waived all other non-jurisdictional defects or constitutional irregularities. See State v. McKinney, 74 S.W.3d 291, 306 (Tenn. 2002). For all of the above reasons, the dismissal of the motion to correct illegal sentence is affirmed.

## Conclusion

Based on the foregoing and the record as a whole, we affirm the post-conviction court's judgment.

_____
JOHN EVERETT WILLIAMS, JUDGE