IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 15, 2011

## VICTOR E. MCCONNELL v. JIM MORROW, Warden, and STATE OF TENNESSEE

**Appeal from the Circuit Court for Bledsoe County**
**No. 2010-CR-39    Thomas W. Graham, Judge**

_____

**No. E2010-02341-CCA-R3-HC - Filed April 11, 2011**

_____

The Petitioner, Victor E. McConnell, appeals the Bledsoe County Circuit Court's summary dismissal of his petition for habeas corpus relief attacking his 1983 conviction for assault with intent to commit first degree murder. The Petitioner alleged that his judgment of conviction was void because the indictment was illegally amended on the day of his plea "to broaden the original charge without being resubmitted to the grand jury[.]" The habeas corpus court summarily dismissed the petition, finding that the Petitioner had failed to state a cognizable claim for relief. Following our review of the record and the applicable law, we affirm the order summarily dismissing the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Victor E. McConnell, Pikeville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant District Attorney General; J. Michael Taylor, District Attorney General; and James W. Pope, III, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

#### Factual Background

This appears to be the Petitioner's third petition for habeas corpus relief. This Court has previously summarized the procedural history surrounding the Petitioner's convictions:

On March 8, 1983, the [P]etitioner . . . entered pleas of guilty in case number 151362 to aggravated rape, in case number 152488 to burglary, in case number 152501 to first degree murder, and in case number 152502 to assault with intent to commit first degree murder. The record establishes that the trial court imposed a sentence of 20 years for aggravated rape, 15 years for burglary to be served consecutively to the aggravated rape sentence, life imprisonment for first degree murder to be served consecutively to the aggravated rape sentence, and life imprisonment for assault with intent to commit first degree murder to be served consecutively to the first degree murder sentence.

Victor E. McConnell v. Harold Carlton, Warden, No. E2008-00986-CCA-R3-HC, 2009 WL 1392544, at *1 (Tenn. Crim. App., Knoxville, May 19, 2009), perm. to appeal denied, (Tenn. Oct. 19, 2009). The Petitioner was sentenced as a Range II, aggravated offender. Id. No direct appeal was taken.

In his first petition for writ of habeas corpus filed on November 14, 2005, the Petitioner alleged that the sentences imposed were illegal because the judgments for first degree murder and assault with intent to commit first degree murder did not specifically state that the sentences were to be served consecutively to the sentences imposed for burglary and aggravated rape. See Victor E. McConnell v. Howard Carlton, Warden, and State, No. E2006-00967-CCA-R3-HC, 2007 WL 2917729, at *1 (Tenn. Crim. App., Knoxville, Oct. 5, 2007). This Court affirmed the Johnson County Criminal Court's denial of that petition via Rule 20 of the Rules of the Court of Criminal Appeals. See id. *1-3. He then filed a second petition for habeas corpus relief on May 3, 2007, alleging that the judgments in case numbers 152501 and 152502 were void because the sentences imposed for each conviction, life imprisonment with a 40 percent release eligibility, directly contravened statutory provisions in effect at the time of the convictions. See McConnell, 2009 WL 1392544, at *1. This Court again affirmed the Johnson County Criminal Court's denial, concluding that the irregularities in the Petitioner's judgments for first degree murder and assault with intent to commit first degree murder should be classified as clerical errors. See id. at *4.

The Petitioner then filed his third petition for a writ of habeas corpus in Bledsoe County Circuit Court, the subject of this appeal, on August 16, 2010. The Petitioner argued that the indictment in case 152502 was illegally amended by broadening the charged offense on the same day the guilty plea was taken "in lieu of recommittal to the grand jury." From the indictment attached to the petition, it appears that the Petitioner was originally charged in case 152502 for assault with intent to commit rape. It further appears that, on the day of the Petitioner's plea submission hearing, a second count was added to this indictment, charging the Petitioner with assault with intent to commit first degree murder. On the second count, it is stated that, in lieu of recommittal to the grand jury, the indictment is amended

"with the consent of the Defendant and his attorney," and is then signed by the Defendant/Petitioner, his attorney, and the assistant attorney general. The agreed amendment is also referenced at the plea submission hearing, and a signed copy of the plea petition (stating a charge of assault with intent to commit first degree murder and providing for a life sentence consecutive to the sentence in case number 152501) is attached to the petition.

The habeas corpus court summarily dismissed the petition. The Petitioner now appeals from this ruling.

**Analysis**

The determination of whether to grant habeas corpus relief is a question of law and our review is de novo. Summers v. State, 212 S.W.3d 251, 262 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. Id. A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. Taylor, 995 S.W.2d at 83. A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005). Moreover, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

In dismissing the petition, the habeas corpus court reasoned as follows:

In the present case, the Petitioner was initially charged with a proper indictment, so the trial court was vested with jurisdiction. . . . The indictment was amended in writing on the date of the plea with the consent of the Petitioner and his attorney. The Petitioner signed a Petition to Enter Plea of Guilty, which stated he was pleading guilty to assault with intent to commit murder in case number 152502. The assistant district attorney announced the amendment during the plea submission hearing. Therefore, the trial court had

-3-

subject matter jurisdiction to accept the guilty plea for the offense not contained in the original indictment, and the indictment is not void on its face.

We agree. From the petition and the records attached thereto, it is clear that Petitioner pleaded guilty to the "broader" charge of assault with intent to commit first degree murder after the original charge of assault with intent to commit rape had been amended. Pursuant to Rule 7 of the Tennessee Rules of Criminal Procedure, an indictment can be amended in all cases with the consent of the defendant. Moreover, even if the indictment was not properly amended, such allegations would merely render the judgment voidable, not void. See Gary E. Aldridge v. State, No. M2004-01861-CCA-R3-HC, 2006 WL 1132073, at *3 (Tenn. Crim. App., Nashville, Apr. 28, 2006); Donald Walton v. State, No. M2002-02044-CCA-R3-CO, 2004 WL 193052, at * 2 (Tenn. Crim. App., Nashville, Jan. 28, 2004). Thus, such a claim provides no basis for habeas corpus relief. See generally State v. Yoreck, 133 S.W.3d 606, 612 (Tenn. 2004) ("Because (1) the trial court properly had subject matter jurisdiction over the cases at issue, (2) it appears that the indictments were orally amended during the guilty plea proceedings, and (3) the judgments indicate agreed amendments to the indictments, none of the indictments is void on its face.").

## Conclusion

Upon due consideration of the pleadings, the record, and the applicable law, we conclude that the Petitioner has not established a cognizable claim for habeas corpus relief. Summary dismissal is affirmed.

_____
DAVID H. WELLES, JUDGE