IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
September 13, 2017 Session

## STATE OF TENNESSEE v. BRIJESH MUKESH DESAI

**Appeal from the Circuit Court for Williamson County**
**No. II-CR058776    James G. Martin, III, Judge**

_____

### No. M2016-02301-CCA-R3-CD

_____

Brijesh Mukesh Desai, the Defendant, entered a negotiated guilty plea to Class C felony issuing or passing a worthless check in the amount of $10,000 or more but less than $60,000. The plea agreement provided that the Defendant would be sentenced as a Range I standard offender; the sentence would be between three and six years; there would be a possibility of diversion; restitution would be $18,871.34; and the manner of service was to be determined by the trial court at a later hearing. Following the sentencing hearing, the trial court sentenced the Defendant to six years' probation following the service of forty-five days in jail. The Defendant now appeals, claiming that the trial court erred in accepting his plea of guilty. However, the Defendant did not reserve the right to appeal a certified question of law or seek review of his sentence, nor do any other grounds for direct appeal under Tennessee Rule of Appellate Procedure 3(b) exist. Because the Defendant has no right to a direct appeal from his guilty plea, the appeal is dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT H. MONTGOMERY, JR., JJ., joined.

Jefre S. Goldtrap, Nashville, Tennessee, for the appellant, Brijesh Mukesh Desai.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Kim R. Helper, District Attorney General; and Kelly A. Lawrence, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Factual and Procedural Background

The Defendant was indicted for Class B felony issuing or passing a worthless check in the amount of $60,000 or more but less than $250,000 with fraudulent intent to obtain articles of value from Toyota of Cool Springs. The indictment showed a September 9, 2014 offense date. On the day before his case was set for a jury trial, the Defendant, pro se, entered a negotiated guilty plea to Class C felony issuing or passing a worthless check in the amount of $10,000 or more but less than $60,000.[1] Based our review of the transcript of guilty plea hearing, the trial court conducted a thorough and exhaustive plea colloquy in which the trial court explained to the Defendant his rights, including an in-depth examination of the Defendant concerning his experience and training in representing himself and his knowledge of the law. The Defendant acknowledged that he understood his rights, had executed a written waiver of his right to counsel, and was voluntarily waiving his rights. The trial court accepted the guilty plea and set the case for a sentencing hearing, recommending that the Defendant consider hiring counsel for the sentencing hearing.

The Defendant accepted the trial judge's recommendation and hired counsel for the sentencing hearing.[2] The pre-sentence report was entered as an exhibit without objection. Kris Krabill, the General Manager of Toyota of Cool Springs, testified that the Defendant and his family came to the dealership, purchased two new vehicles, and wrote a check for payment in full. When the check was returned, they contacted the Defendant, who immediately came to the dealership and assured them that the money was being wire transferred from his Scottrade account to the dealership account and provided the victim with a wire transfer number. The Defendant sent a screenshot of his purported Scottrade account statement showing a balance of $34,371,848 to Mr. Krabill's cell phone. The screenshot was entered as an exhibit. When the wire transfer did not come through, Mr. Krabill contacted the Defendant, who explained that he had a tax issue and was unable to use that account. The Defendant stated that he would send a cashier's check instead. When no payment was received, the dealership called the police.

---

[1] The appellate record contains a Pretrial Conference Memorandum dated May 6, 2016, in which the Defendant was pro se. After the pretrial conference, the Defendant filed a request for a continuance to allow him time to obtain the necessary funds to retain counsel. The motion was granted, and the case was reset to May 27, 2016, for entry of a new scheduling order or for the setting of a trial date. On May 27, 2016, the Defendant again asked for additional time to retain counsel, and the case was reset to June 23, 2016. On June 23, 2016, the case was set for trial on July 20, 2016. On July 19, 2016, the Defendant filed a Petition for Waiver of Trial by Jury and Request for Acceptance of a Plea of Guilty.

[2] Circuit Judge Joseph Woodruff conducted the sentencing hearing.

The Defendant testified that he made a mistake by "[w]riting a check that at the time [he] did not have the funds to cover . . . ." On cross-examination, the Defendant claimed that he was going to obtain the funds to pay for one vehicle from his parents. When asked where he was going to get the funds to cover the check for $68,000, the Defendant said, "[F]rom a business deal that I was working on in London, England." When pressed, the Defendant said he did not have a business in London, only "contacts." He said the account with a balance of $34,371,848 was not an account he had access to, but it was an account that he hoped to be paid from if "the deal had closed." The Defendant also admitted that he had filed bankruptcy on July 25, 2014. His Chapter 7 Bankruptcy Petition was admitted as an exhibit. The Summary of Schedules showed assets of $705 and liabilities of $926,712, which included an "auto deficiency" for $12,000 to Toyota Motor Credit. At the conclusion of the sentencing hearing, the trial court sentenced the Defendant to six years, denied diversion, and placed the Defendant on probation after the service of forty-five days.

The Defendant timely filed a notice of appeal.

**Analysis**

As his sole issue on appeal, the Defendant contends that the trial court erred in accepting his plea of guilty. The State argues that the Defendant does not have an appeal as of right from his guilty plea under Tennessee Rule of Appellate Procedure 3(b). We agree with the State.

As a general rule, a defendant who pleads guilty to a criminal offense waives the right to appeal. *State v. McKissack*, 917 S.W.2d 714, 715 (Tenn. Crim. App. 1995). There are limited exceptions to the general rule. *See* Tenn. R. App. P. 3(b).

Tennessee Rule of Appellate Procedure Rule 3(b) provides:

(b) Availability of Appeal as of Right by Defendant in Criminal Actions. In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) *on a plea of guilty* or nolo contendere, *if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law* dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(A) or (D) of the Tennessee Rules of Criminal Procedure, *or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence*, or if the issues presented for review were not waived as a matter of law by the

plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure, from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding, and from a final order on a request for expunction.

Tenn. R. App. P. 3(b) (emphasis added).

The Tennessee Supreme Court has strictly construed the provisions of Rule 3(b). *State v. Lane*, 254 S.W.3d 349, 353 (Tenn. 2008). If "Rule 3(b) does not specifically enumerate that a defendant may appeal as of right[,]" then the defendant does not have an appeal of right. *Id.*

In this case, the Defendant entered into a plea agreement without reserving a certified question of law. Although the Defendant's plea agreement provided that the trial court would determine the sentence, the Defendant does not seek review of his sentence in this court. Moreover, this appeal does not involve "an order denying or revoking probation, an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure, from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding, [or] from a final order on a request for expunction." Tenn. R. App. P. 3(b). The Defendant does not have an appeal as of right from his guilty plea under Tennessee Rule of Appellate Procedure 3(b).

Although not raised by the Defendant, Tennessee Rule of Appellate Procedure 13(b) provides that "an appellate court shall consider whether the trial court had jurisdiction over the subject matter, whether or not presented for review." *State v. Yoreck*, 133 S.W.3d 606, 612 (Tenn. 2004). "[A] defendant who enters a plea of guilty waives all nonjurisdictional defects and constitutional infirmities." *Id.* There is nothing in the record to indicate that there were jurisdictional defects or that the trial court lacked subject matter jurisdiction to accept a guilty plea in this case.

**Conclusion**

This court does not have jurisdiction to entertain this appeal. The appeal is dismissed.

_____

ROBERT L. HOLLOWAY, JR. JUDGE

- 4 -