IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
January 14, 2025 Session

### TRACY D. BOYD, JR. v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-23-180          Joseph T. Howell, Judge**

_____

### No. W2023-01669-CCA-R3-PC
_____

Petitioner, Tracy D. Boyd, Jr., appeals the denial of his petition for post-conviction relief, which challenged his guilty-pleaded convictions of three counts of impersonating a licensed professional, two counts of theft of property, and one count of forgery. He claims that he was deprived of the effective assistance of counsel and that his guilty pleas were not knowingly and voluntarily entered. Upon review of the record, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

MATTHEW J. WILSON, J., delivered the opinion of the court, in which J. ROSS DYER, and JOHN W. CAMPBELL, SR., JJ., joined.

Mitchell A. Raines, Assistant Public Defender, Appellate Division (on appeal); Jeremy Epperson, District Public Defender, and Tyler Graham, Assistant District Public Defender (post-hearing); and Tracy D. Boyd, Jr., *pro se* (at hearing), for the appellant, Tracy D. Boyd, Jr.

Jonathan Skrmetti, Attorney General and Reporter; John H. Bledsoe, Deputy Attorney General; Brooke A. Huppenthal, Assistant Attorney General; Mark E. Davidson, District Attorney General; and Karen Burns, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Madison County Grand Jury charged Petitioner via a thirteen-count indictment with three counts of impersonation of a licensed professional, three counts of falsely representing himself as a lawyer, three counts of practicing law without a license, two counts of theft of property, and one count each of forgery and criminal simulation. Pursuant to a plea agreement, Petitioner pleaded guilty to three counts of impersonating a

licensed professional; one count of theft of property valued at more than $1,000 but less than $2,500; one count of theft of property valued at $2,500 or more but less than $10,000; and one count of forgery, in exchange for a total effective sentence of four years' probation and dismissal of the remaining charges in the indictment as well as the dismissal of related charges pending in Henderson County. In July 2023, Petitioner filed *pro se* a petition for post-conviction relief, claiming that the indictment was defective, that he was deprived of the effective assistance of counsel, that his guilty pleas were entered under duress, and that the State engaged in prosecutorial misconduct.

At the November 2023 evidentiary hearing, Petitioner's trial counsel (Counsel) testified that obtaining discovery materials from the State took some time given the nature of the investigation against Petitioner and the involvement of the Tennessee Bureau of Investigation (TBI), which placed restrictions on the dissemination of investigative materials. Counsel conceded that he did not review all the discovery materials with Petitioner prior to the Petitioner's entering his pleas but said that he had reviewed all the materials that were relevant to the charges included in the plea agreement and conveyed their contents to Petitioner. Counsel testified that after Petitioner was placed into custody following revocation of his bond, the goal of the defense changed because Petitioner's primary goal was getting out of jail as soon as possible. Petitioner specifically did not want to remain in custody for months pending trial and did not want to post a second bond. To facilitate Petitioner's request, Counsel negotiated a plea agreement with the State that allowed Petitioner to plead to only six of the Madison County charges and none of the Henderson County charges and that guaranteed a total effective sentence of only four years, all of which was suspended to probation. Additionally, the agreement allowed Petitioner to be released on the same day as the plea hearing so that he could be home for the holidays.

Counsel confirmed that he discussed the applicable law, available evidence, and potential sentences with Petitioner before Petitioner accepted the plea agreement. Counsel also confirmed that the State did not "hide anything" and that nothing suggested an abuse of process or power on the part of the State. Counsel recalled that Petitioner's bond was revoked after he picked up new charges in Henderson County and tested positive for the use of marijuana. Counsel acknowledged that he told the trial court that Petitioner could pass a drug test even though Petitioner told Counsel that he would not be able to pass a drug test due to ingestion of medical marijuana in California, where Petitioner was living while on bond. Counsel denied pressuring Petitioner to plead guilty. After Petitioner pleaded guilty, Counsel waived the remaining $5,000 of the retainer that Petitioner had agreed to because the case did not go to trial.

Petitioner testified[1] that Counsel did not discuss the discovery materials with him prior to his entering his pleas and that he felt pressured to plead guilty after Counsel told him that accepting the plea offer was in his best interests. Referencing the discovery materials Counsel forwarded him after his release, Petitioner claimed that he would not have entered his pleas had he "known this was the discovery material that my attorney was in possession of," but he did not exhibit any of the alleged materials at the hearing. Neither did he inform the court of the exact information that would have caused him to reject the plea offer and go to trial. Petitioner admitted that he told the trial court that he had reviewed the discovery materials when questioned during the guilty plea colloquy. Petitioner also denied that Counsel had discussed the elements of the charged offenses with him. Petitioner insisted that the Madison County District Attorney General chose to level charges against him to settle a personal grudge even though a special prosecutor obtained the indictment in Petitioner's case.

Petitioner admitted that he garnered charges of speeding, drug possession, and driving on a suspended license while on bond but insisted that the Henderson County trial court "was prepared to dismiss all that." However, he presented no proof to support this assertion. He admitted that he wanted to be released from custody as soon as possible. The record established that Petitioner entered his pleas and was released from custody before the plea cutoff date set by the trial court. He agreed that he could have waited seven to nine months to go to trial but "[t]hat wasn't an option I wanted to take."

At the conclusion of the hearing, the post-conviction court specifically accredited Counsel's testimony that Petitioner "emphatically wanted time served and probation." The court noted that Petitioner testified under oath that he had reviewed discovery materials, that he understood the elements of the offenses and the potential punishments, and that he had not been coerced or pressured into pleading guilty. The post-conviction court concluded that Petitioner failed to present any evidence to support his claims that the indictment was defective or that the State engaged in misconduct and that Petitioner had failed to establish by clear and convincing evidence to support his claim of ineffective assistance of counsel. The court denied the petition for post-conviction relief.

Petitioner appealed the denial of relief, and upon our initial review, we concluded that the post-conviction court's written order denying relief did not contain sufficient findings of fact or conclusions of law and remanded the case to the post-conviction court for entry of a written order that satisfied the requirements of Tennessee Code Annotated section 40-30-111(b). *See Boyd v. State*, No. W2023-01669-CCA-R3-PC, 2025 WL

---

[1] Petitioner represented himself at the evidentiary hearing, and as a result, testimony that would normally have come on direct examination was admitted in the form of a narrative.

433002, at *2 (Tenn. Crim. App. Feb. 7, 2025). The post-conviction court issued a subsequent written order denying relief on February 25, 2025.

In the order, the court found that although Counsel did not review the discovery materials in person with Petitioner, Counsel did inform Petitioner of the contents of the materials that were pertinent to the charges included in the plea offer. The court concluded that Counsel did not pressure or coerce Petitioner to accept the plea offer or to plead guilty. Instead, Petitioner elected to accept the plea offer so that he could be out of custody prior to the holidays. The court noted, as it had at the conclusion of the hearing, that Petitioner testified under oath at the guilty plea hearing that he had reviewed discovery materials and that he was satisfied with Counsel's performance. The post-conviction court ruled that Petitioner had failed to establish any facts to support a conclusion that Counsel performed deficiently. Similarly, the court ruled that Petitioner had failed to establish that his guilty pleas were unknowing or involuntary. Regarding Petitioner's challenge to the indictment, the court found that the indictment satisfied constitutional and statutory requirements and that, in any event, Petitioner waived any challenge to the indictment by pleading guilty. Finally, the court concluded that Petitioner presented no proof in support of his claim of prosecutorial misconduct.

## Analysis

Post-conviction relief is available only "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. A post-conviction petitioner bears the burden of proving his or her factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f). The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates against them, *see Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997), but the court's conclusions of law receive no deference or presumption of correctness on appeal, *see Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

### I. Ineffective Assistance of Counsel

Petitioner broadly asserts that he was deprived of the effective assistance of counsel because Counsel failed to "attend to" Petitioner's requests, failed to loyally and zealously represent him, and "was not guided by" the American Bar Association standards for defense counsel.

When considering a claim of ineffective assistance of counsel, a reviewing court "begins with the strong presumption that counsel provided adequate assistance and used reasonable professional judgment to make all significant decisions," and "[t]he petitioner bears the burden of overcoming this presumption." *Kendrick v. State*, 454 S.W.3d 450,

458 (Tenn. 2015) (citation omitted). To meet his burden, the petitioner must clearly and convincingly establish facts to support a conclusion that "the advice given, or the services rendered by the attorney, are [not] within the range of competence demanded of attorneys in criminal cases," *see Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), and that counsel's deficient performance "actually had an adverse effect on the defense," *Strickland v. Washington*, 466 U.S. 668, 693 (1984). To do so, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Should the petitioner fail to establish either deficient performance or prejudice, he is not entitled to relief. *Id.* at 697; *Goad v. State*, 938 S.W.263, 370 (Tenn. 1996). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

We will not grant the petitioner the benefit of hindsight, second-guess a reasonably based trial strategy, or provide relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Petitioner complains that Counsel failed to review all the discovery materials with him before he entered his guilty pleas. Counsel acknowledged as much in his accredited testimony, stating that Petitioner's primary concern was getting out of jail quickly, which could not have been accomplished had Counsel taken the time to review the voluminous discovery. Most importantly, however, Petitioner failed to present a single fact or piece of evidence contained in the discovery materials, which Counsel forwarded to Petitioner following his release from custody, at the evidentiary hearing. Petitioner stated that he would not have accepted the State's offer had he been able to review the discovery materials prior to trial, but he did not specify what it was in those voluminous materials that would have caused him to change his mind and go to trial.

He also complains that Counsel failed to discuss "all potential strategies and tactical choices," but Petitioner acknowledged at the hearing that Counsel told him there were two ways forward: (1) he could plead guilty and get out of jail before the holidays or (2) he could remain in jail pending trial while Counsel prepared to meet the charges. These were the potential strategies available to Petitioner, and Petitioner chose the strategy that led to his quick release. Notably, the plea agreement negotiated by Counsel allowed Petitioner to avoid any further jail time. Petitioner received the benefit of his bargain and, accordingly, may not be heard to complain that he got exactly what he wanted.

To the extent that Petitioner alleges that Counsel was ineffective for failing to adequately investigate the case, we observe that Petitioner did not present this issue in either his petition for post-conviction relief or at the evidentiary hearing. Consequently, we will not address it in this appeal. Code section 40-30-104 mandates that "[t]he petitioner shall include all claims known to the petitioner for granting post-conviction relief" in the petition and "shall include allegations of fact supporting each claim for relief set forth in the petition." Tenn. Code Ann. § 40-30-104(d), (e); *see also* Tenn. Code Ann. § 40-30-106(d) ("The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds."); Tenn. Sup. Ct. R. 28, § 8(D)(4) (providing that the hearing "shall be limited to issues raised in the petition"). "'[I]ssues not addressed in the post-conviction court will generally not be addressed on appeal.'" *Holland v. State*, 610 S.W.3d 450, 458 (Tenn. 2020) (quoting *Lane v. State*, 316 S.W.3d 555, 561–62 (Tenn. 2010)).

## II. Unknowing Guilty Plea

In a corollary to his claim of ineffective assistance, Petitioner insists that his guilty pleas were not knowingly and voluntarily entered. Initially, we note that at the plea submission hearing, Petitioner testified under oath that no one had forced or coerced him into accepting the plea agreement, that he had reviewed the discovery materials with Counsel, and that he understood the charges against him and the facts upon which they were based. Petitioner asked no questions and exhibited no confusion during the hearing. Petitioner's testimony at a guilty plea hearing "constitute[s] a formidable barrier" to post-conviction relief because "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 74 (1977).

Petitioner contends that his pleas were unknowingly and involuntarily entered because he was deprived of the effective assistance of counsel. To obtain relief on this ground, Petitioner was obliged to establish that "counsel's constitutionally ineffective performance affected the outcome of the plea process" by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Again, Petitioner's claim centers on Counsel's admitted failure to review discovery materials in their entirety. We have already addressed this claim and concluded that Petitioner is not entitled to post-conviction relief because he has failed to point to any information contained in the discovery materials that would have caused him to change his mind.

Petitioner also claims that he was coerced because Counsel advised him that the plea offer "was a better scenario than if [Petitioner] was found guilty at trial." This was an accurate statement and sound advice and not deficient performance. Furthermore, Petitioner acknowledges in his brief that he entered the pleas because he wanted to be home for the holidays. This court has concluded that when counsel acts to advance "the

petitioner's main objective" to "liberate the petitioner from confinement," the petitioner is not entitled to post-conviction relief. *Nugent v. State*, No. M2014-00014-CCA-R3PC, 2014 WL 5487787, at *5 (Tenn. Crim. App. Oct. 30, 2014).

Petitioner also asserts that he "was not competent" to enter his pleas, but Petitioner presented no evidence regarding his competency at the evidentiary hearing. Accordingly, we will not address this claim on appeal. *See Holland*, 610 S.W.3d at 458. Similarly, we will not address the challenge to the indictment that Petitioner buried within the argument section of his brief. *See Trezevant v. Trezevant*, 696 S.W.3d 527, 531 (Tenn. 2024) ("[A]n appellant that broadly asserts error in the statement of issues and presents an argument that leaves the opposing party guessing at the issues to which it must respond, or leaves the reviewing court scouring the record for reversible errors, risks having its issues waived."). Moreover, Petitioner waived "all nonjurisdictional defects and constitutional infirmities" in the indictment by pleading guilty. *State v. Yoreck*, 133 S.W.3d 606, 612 (Tenn. 2004) (citations omitted).

## Conclusion

Based upon the foregoing analysis, we affirm the judgment of the post-conviction court.

_____ /s/ Matthew J. Wilson
MATTHEW J. WILSON, JUDGE